
**E-FILED**
Wednesday, 26 October, 2016  04:00:16 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor-in-interest to Wells Fargo, N.A., as Trustee, for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C4, | ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the Mezz cap Commercial Mortgage Trust 2007-C5, Commercial Mortgage Pass-Through Certificates, Series 2007-C5, | ) ) ) ) ) ) | NO.   15-3195 (Consolidated with 15-3199) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LONDRIGAN, POTTER & RANDLE, P.C., an Illinois corporation; PERKINS COIE, a Washington limited liability partnership; SCOTT & SCOTT, P.C., and Illinois corporation; and SGRO, HANRAHAN, DURR & RABIN, LLP, an Illinois limited liability partnership; and SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; THOMAS EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; CLYDE BEIMFOHR, an individual; EEI HOLDING CORPORATION, an Illinois corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This is a consolidated action.

In an Opinion and Order entered on August 15, 2016, the Court Allowed the Motion to Dismiss the four Law Firms named as Defendants and the Law Firms were terminated as Parties.

The Court Allowed in part and Denied in part the Motions to Dismiss the claims asserted against the Borrower, its Members and Related Entities.

Now, the Plaintiffs seek to appeal the dismissal of the claims asserted against the Law Firm Defendants while the claims against the other Defendants are proceeding in this Court.

Pending before the Court is the Plaintiffs' Motion for Certification pursuant to Federal Rule of Civil Procedure 54(b).

It is denied.

I.

The Plaintiffs in both cases are real estate mortgage investment conduits. In the Complaints, the Plaintiffs allege the Trustees possess customary powers to hold, manage and dispose of assets for the benefit of

the A Note Holder's beneficiaries.

The Defendants in the first (now-dismissed) case, Number 3:15-cv-03195, include the following law firms: Londrigan, Potter & Randle, P.C; Perkins Coie; Scott & Scott, P.C. and Sgro, Hanrahan, Durr & Rabin (collectively, "Defendants" or "Law Firms").

The Plaintiffs also filed a Verified Complaint against the Borrower and its individual Members/Partners, Indemnitor/Guarantor and other entities. See U.S. Bank National Association, et al., v. Springfield Prairie Properties, LLC; Robert W. Egizii; Thomas Egizii; Michael Egizii; Rodney Egizii; Jodi Baptist; John Pruitt; Clyde Beimfohr; EEI Holding Corporation; and Egizii Property Managers, LLC, Case Number 3:15-cv-03199 ("Borrower Complaint").[1] Following the Court's ruling on the Motions to Dismiss, this portion of the consolidated case is all that remains.

## II.

The Plaintiffs seek certification, pursuant to Rule 54(b), that there is

---

[1] Springfield Prairie Properties, LLC will generally be referred to as "the Borrower." Robert W. Egizii will be referred to as "Egizii." The other individual Defendants, along with Egizii, are referred to as "the Members."

no just reason to delay the enforcement of this Court's Order granting the Law Firm Defendants' Motion to Dismiss.  Rule 54(b) provides in part:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  "The rule says that the court may direct the entry of a final judgment upon the satisfaction of the conditions set forth in the rule, not that he must do so."  Continental Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 518 (7th Cir. 1999) (internal quotation marks omitted).  Piecemeal appeals are "disfavored" in the federal system.  See id.  In determining whether to permit such an appeal, the Court should balance "the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time."  Id.

The Plaintiffs claim there is no just reason to delay certification and allow appeal of the portion of the Order granting dismissal. The action involves multiple claims against multiple parties. It would promote sound judicial administration by giving the parties finality over claims that are separate and distinct from the remaining claims against different parties.

Additionally, the claims against the Law Firms were separate and distinct from the remaining claims against the other Defendants. None of the claims in the Complaint against the Law Firms seek any relief from the Borrower, its Members or the related Defendants. The surviving Complaint does not seek relief against the Law Firms. Accordingly, the claims are entirely separate and distinct from each other. The Plaintiffs contend that the fact that the two lawsuits were originally filed separately strongly suggests that neither lawsuit contains parties or claims that were essential or necessary to the other.

The Plaintiffs further allege there is no relationship, or very little relationship, between the relief sought in the Law Firm Lawsuit and that sought in the Borrower Lawsuit. The Law Firm Lawsuit seeks a

constructive trust, against only the Law Firms, over the retainer funds and trust funds received by the Law Firms from the Borrower. It seeks additional liability related to the receipt of those funds. The Borrower Lawsuit seeks contract damages against the Borrower, Guarantors and related Defendants.

Accordingly, there is no chance that the need for review of the Court's dismissal of all claims of the Law Firm Lawsuit will be mooted by further action that may occur in connection with the claims of the Borrower Lawsuit. Moreover, there is no chance the court of appeals will have to consider the same issue a second time if certification is granted. The Plaintiffs contend there is no reason to delay a final resolution in the Law Firm Lawsuit. Such a delay will only be a hardship on the parties.

For all of these reasons, the Plaintiffs seek certification of the Court's Order dismissing Counts I through IV of the Complaint in the Law Firms Lawsuit, as a final order under Rule 54(b).

The Court notes that although the claims in the two cases were different, many of the factual allegations in support of the claims are very

similar or the same as the Court discussed in the Order on motions to dismiss. As the Law Firms allege, moreover, future developments in this case could moot the need to review the Court's ruling in the other case. Because the Plaintiffs are entitled to only recovery, a recovery in this case would reduce or eliminate any recovery the Plaintiffs could demand from the Law Firms.

Additionally, as the Law Firms note, allowing an appeal under Rule 54(b) may result in a waste of appellate judicial resources because there may be an appeal following a judgment on the remaining allegations in this case. The Court concludes it would be more efficient for the Seventh Circuit to resolve all claims in a single appeal.

For these reasons, the Court does not believe that certification of an appeal under Rule 54(b) is warranted at this stage of the proceedings. An appeal of the dismissal of the claims in the Law Firm Lawsuit can be heard at the conclusion of this case. The Court is unable to determine that there is no just reason for delay pursuant to Rule 54(b).

Ergo, the Plaintiffs' Motion for Certification of Appeal pursuant to

Rule 54(b) [d/e 30] is DENIED.

The Court's Opinion and Order of August 15, 2016 [d/e 28] is not a final judgment and may be appealed following the issuance of a judgment in this consolidated action.

ENTER: October 25, 2016

        FOR THE COURT:

                /s/ Richard Mills
                Richard Mills
                United States District Judge