IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, successor-in-interest to BANK OF AMERICA, N.A., as Trustee, successor-in-interest to WELLS FARGO BANK, N.A., as Trustee, for the Registered Holders of CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES PASS-THROUGH CERTIFICATES, SERIES 2007-C4, | ) ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the MEZZ CAP COMMERCIAL MORTGAGE TRUST 2007 C-5, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-3195 (consolidated) |
| SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; CLYDE BEIMFOHR, an individual; EEI HOLDING CORPORATION, an Illinois Corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion for entry of an Order dismissing the Law Firm Defendants with Prejudice and/or certifying this Court's denial of Plaintiffs' motion to amend their Complaint.

This action was initially filed as two separate cases. In the first case, Plaintiffs filed suit against Londrigan, Potter & Randle, P.C.; Perkins Coie LLP; Scott & Scott, P.C.; and Sgro, Hanrahan, Durr & Rabin, LLP (collectively, the "Law Firms"), in order to attempt to secure funds held in trust and retainer accounts by those Law Firms (Case No. 3:15-cv-03195 (the "Law Firm Lawsuit")).

The second suit was filed by Plaintiffs against Springfield Prairie Properties, LLC ("Borrower"), Robert W. Egizii ("Guarantor") and other individuals and entities, seeking to recover damages under various contractual, fraud and other causes of action (Case No. 3:15-cv-03199 (the "Borrower Lawsuit")). The two cases were eventually consolidated.

On August 15, 2016, the Court granted the Law Firm Defendants' motion to dismiss for failure to state a claim. On October 26, 2016, the Court denied the Plaintiffs' motion for certification of appeal pursuant to Federal Rule of Civil Procedure 54(b), stating that the August 15, 2016 Order is not a final judgment and it may be appealed following the issuance of a judgment in the consolidated action.

On June 29, 2018, the Plaintiffs filed a motion for leave to file a second amended complaint. On August 14, 2018, the Court denied the motion, stating:

> Because the state of the law on pre-receivership revenue and fraudulent transfer has not changed since the Court's prior ruling, the Court finds that much of the proposed amended complaint fails based on the law of the case doctrine. Consequently, amendment of the complaint would be futile.

Doc. No. 152, at 8. The Plaintiffs state that, by making this determination, the Court adopted the Law Firms' argument that Plaintiffs are not entitled to the funds received by them because the transferor (the insolvent Borrower) collected the funds (in the form of rent payments) before Plaintiffs gained possession (putting a receiver in place) of the commercial real estate, and used this to disregard Plaintiffs' new evidence, thereby effectively deciding the case on its merits.

The Plaintiffs now request an Order dismissing the Law Firms with prejudice. They say the request is consistent with *Hall v. Hall*, 138 S. Ct. 1118 (2018), a recent Supreme Court decision, wherein the Court considered whether cases consolidated under Federal Rule of Civil Procedure 42, as here, are immediately appealable upon an order disposing of one of the cases. *See id*. at 1122. The Supreme Court determined that consolidated cases "retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Id*. at 1131. When a consolidated case is decided, therefore, a disappointed litigant is free to seek review of the decision in the court of appeals. *See id*. The Law Firm

Defendants contend *Hall* is inapplicable to this case because the Court held the dismissal of the Law Firms was "not a final judgment" and the Supreme Court's decision did not address the issue of whether a dismissal of a consolidated case constitutes a dismissal with prejudice.

In the Law Firm Lawsuit, the Plaintiffs asserted two fraudulent transfer counts, a common law aiding and abetting count and a civil conspiracy count.

The Borrower Lawsuit consisted of nine counts against the Borrower, its Members and related entities. The complaint consists of four breach of contract counts, a breach of the Illinois Limited Liability Act count, two fraudulent transfer counts, a civil conspiracy count and a tortious interference count. The Borrower Lawsuit seeks no relief against the Law Firms. The Court recently granted partial summary judgment as to liability on Count I against the Borrower (Judgment on Note-Full Recourse) and Count IV (Judgment on Guaranty—Full Recourse) against Defendant Robert W. Egizii

The Plaintiffs note that, because the Law Firms and Borrower Defendants filed separate motions to dismiss, if the two lawsuits had not been consolidated, the Law Firm Dismissal Opinion may have been a final ruling as to all claims with entry of judgment to follow. Because of the consolidation, however, the Court declined to certify the issue for immediate appeal and noted that a notice of appeal could be

filed upon issuance of a final judgment. Subsequently, the Court denied the Plaintiffs' leave to amend their complaint.

Consistent with the Supreme Court's intent in *Hall* and because the case has been in procedural limbo since the Law Firms were dismissed, the Plaintiffs request an Order dismissing the Law Firms with prejudice.

Additionally, or alternatively, the Plaintiffs ask the Court to certify its Order regarding the Law Firms for immediate appeal under Federal Rule of Civil Procedure 54(b) because the claims can be resolved separately from the Borrower Defendants. Rule 54(b) authorizes a court to enter a final judgment as to fewer than all claims or parties only upon an express determination "that there is no just reason for delay."

The Law Firms object to the Plaintiffs' motion, claiming that the request is untimely under Rule 59(e) and impermissible under Rule 60(b). They also allege that the request for an Order certifying for appeal the Court's August 14, 2018 denial of Plaintiffs' motion for leave to amend their complaint is untimely, given the motion was filed more than 30 days after the Order, in addition to being unnecessary and inefficient with the trial scheduled in the near future.

Although the Plaintiffs' position has some merit in light of *Hall*, several factors counsel against allowing the appeal as to the Law Firm Defendants to proceed at this time. There is substantial relationship between the allegations asserted in the

cases that were consolidated. The Plaintiffs are entitled to one recovery, if any, and recovery from one set of Defendants would reduce or eliminate any recovery from the other set of Defendants. Moreover, it would promote judicial resources and likely be more efficient for the Seventh Circuit to hear all appeals in this consolidated case at once. The trial as to the remaining Defendants is currently set to begin on April 9, 2019. Therefore, the entire case likely will soon be ripe for appeal.

Accordingly, the Court declines to enter an Order dismissing the Law Firms with prejudice and/or certifying the Court's denial of Plaintiffs' motion to amend their complaint.

Ergo, the Plaintiffs' motion for entry of an Order dismissing the Law Firm Defendants with prejudice and/or certifying the Court's denial of Plaintiffs' motion to amend their complaint [d/e 164] is DENIED.

ENTER: March 6, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge