IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, successor-in-interest to BANK OF AMERICA, N.A., as Trustee, successor-in-interest to WELLS FARGO BANK, N.A., as Trustee, for the Registered Holders of CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES PASS-THROUGH CERTIFICATES, SERIES 2007-C4, <br><br> and <br><br> U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the MEZZ CAP COMMERCIAL MORTGAGE TRUST 2007 C-5, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; CLYDE BEIMFOHR, an individual; EEI HOLDING CORPORATION, an Illinois Corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company, <br><br> Defendants. | Case No. 15-3195 <br> (consolidated) |

1

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion to strike Defense Expert Don Wright's Report and bar his testimony at trial.

### I.

This case is about two commercial loans totaling over $23 million ("Loan"). The Plaintiffs are the lenders. Defendants Springfield Prairie Properties, LLC ("Borrower") and Robert Egizii ("Guarantor") signed a Promissory Note ("Note"); two Mortgage, Security Agreement and Fixture Financing Statement instruments ("Mortgage"); and an Indemnity and Guaranty Agreement ("Guaranty") to evidence and secure the Loan.

The Mortgage granted a lien on seven real estate projects in Springfield, Illinois, along with related personal property. The Note and Guaranty are generally non-recourse, meaning there is no personal liability for the Borrower or Guarantor as long as there are no violations as outlined in the Loan Documents. However, the Borrower and Guarantor can be fully or partially liable for the debt if certain events occur.

For example, under the Note, Borrower is liable for the entire loan balance if it fails to obtain Lender's prior approval of any **"transfer"** of **"Property."** The Note defines Property to include "the security for the indebtedness." The security

includes rents collected by or owed to the Borrower. *See* Note, Section 1.5, particularly clause (Y).

The Borrower is also liable for any "rents, issues, profits and revenues of all or any portion of the property which **are not either applied to ordinary and necessary expenses of owning and operating the Property** or paid to the Lender," to the extent "received or applicable to a period after" an Event of Default. *Id*., particularly clause (e).

The Guarantor's liability under the Guaranty is coextensive with the Borrower's. *See* Guaranty, Ex. D., Section 1.

In October 2012, Borrower defaulted by failing to timely make the October 11, 2012 Loan payment. It failed to make any scheduled loan payments after that date. However, the Borrower continued collecting rent and reported income in 2013.

The Plaintiffs sent several default notices culminating in a formal acceleration notice dated March 28, 2013 ("Demand Letter") to Borrower and Guarantor demanding payment for the full balance of the loan. In addition to accelerating the Loan's maturity, the Demand Letter confirmed that all Rents and Cash Collateral (as defined in the Demand Letter) were Lender's collateral and could not be used to pay attorney's fees associated with Borrower's defaults.

In an Opinion and Order entered on February 28, 2019, upon finding that the Borrower and Guarantor were personally liable for the entire debt upon the

Borrower's transfer of Property without Plaintiffs' consent, the Court granted the Plaintiffs' motion for partial summary judgment as to liability against Springfield Prairie Properties, LLC on Count I and against Robert W. Egizii on Count IV, in the amount of $34,490,012.18.

II.

The Borrower's expert witness is Donald Wright, CPA. Pursuant to Federal Rule of Evidence 702 and Federal Rules of Civil Procedure 26 and 37, the Plaintiffs seek to strike the report and bar the opinion testimony of Mr. Wright. In the Amended Rule 26 Written Report of Donald Wright, Mr. Wright's first opinion is that "it is common practice for business entities which pass through their income for taxation at the ownership level, such as partnerships, limited liability companies filing as partnerships, and 'S' corporations, to distribute to their partners, members or shareholders (the 'owners') a percentage of the profits of the entity, which the partners, members or shareholders will be required to report to pay taxes, equal to the highest federal and state income tax rates."

Mr. Wright's second opinion is that "legal expenses which are paid or incurred by an entity to defend itself in court actions and to defend its shareholders, partners, or members constitute ordinary and necessary expenses under IRC § 162 and are regularly allowed as a deduction by such an entity in the year such expenses are incurred."

4

The Court considered the report and opinions of Mr. Wright in ruling on the Plaintiffs' motion for partial summary judgment. However, Mr. Wright's first opinion did not apply to the particular factual scenario—that being whether it is "common practice" for insolvent entities to make distributions to members for their income taxes and/or whether it is common practice to make distributions after they have defaulted on their loan obligations, or when the funds distributed were pledged as collateral to that creditor.

Mr. Wright's second opinion also does not apply to the precise factual scenario. Regardless of whether legal expenses typically are allowed as ordinary and necessary expenses for Internal Revenue Code or financial statement purposes, the issue here is whether, under the circumstances of this case and the terms of the Note and Guaranty at issue, these payments were ordinary and necessary expenses of owning and operating the Property. Mr. Wright's opinion does not address whether this is permitted upon the Borrower becoming insolvent and defaulting under the Loan Documents.

Because the Court considered Mr. Wright's report in ruling on the Plaintiffs' partial summary judgment motion, the Court declines to strike his report. Based on that ruling, however, the Court questions whether any of Mr. Wright's testimony would be relevant. The Court has now determined that neither of his opinions

applies to the facts of this case because of the precise contractual language and the ramifications of default.

Nevertheless, the Court declines to bar the testimony at this time in case there is another purpose for which it is being offered. The Plaintiffs can make a motion pursuant to Federal Rule of Evidence 702 if Mr. Wright is called as a witness. The Court also notes that because the case will be tried at bench, there is little risk that any testimony will be considered for an improper purpose.

Ergo, the Plaintiffs' Motion to Strike Defense Expert Don Wright's Report [d/e 123] is DENIED as Moot.

The Plaintiffs' motion to bar Defense Expert Don Wright's testimony at trial [d/e 123] is DENIED with leave to refile.

ENTER: March 27, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge