IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, <br><br>and<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the MEZZ CAP COMMERCIAL MORTGAGE TRUST 2007 C-5, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; PAMELA JOHNSON, EXECUTOR OF THE ESTATE OF CLYDE BEIMFOHR; EEI HOLDING CORPORATION, an Illinois Corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company,<br><br>    Defendants. | Case No. 15-3195<br>(consolidated) |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion in limine to bar evidence or argument related to the affirmative defense of laches.

Defendant Springfield Prairie Properties, LLC ("Borrower") and Defendants Robert Egizii ("Egizii), Thomas Egizii, Michael Egizii, Jodi Baptist, John Pruitt and Pamela Johnson, Executor of the Estate of Clyde Beimfohr ("Constructive Members") asserted the Affirmative Defense of laches in their respective Answer and Affirmative Defenses. The Plaintiffs claim that defense is not applicable in this action and seek an Order barring such evidence or argument.

In 2007, the Borrower received two commercial loans totaling over $23 million from the Plaintiffs-Lenders. Egizii signed a personal guaranty for these loans. Subsequently, the Borrower defaulted by failing to make the monthly payment due in October 2012. The Plaintiffs allege that, despite clear warnings to the contrary, the Borrower breached the loan documents by transferring over $3 million in cash collateral securing the loans to various law firms. The Plaintiffs' Complaint includes breach of contract claims with respect to the commercial notes and guaranty (Counts I through IV), claims to avoid the law firm transfers under the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. ("UFTA") (Count VI and VII), and a claim for civil conspiracy (Count VIII).

In asserting the Affirmative Defense of laches, the Borrower and Constructive Members state: "Plaintiffs did not file an action for foreclosure until July 14, 2015,

which allowed the liability for nonpayment under the Notes to increase and which increased the expenses and attorneys' fees incurred by the Defendant relating to the action for foreclosure." Doc. No. 33, at 76-77; Doc. No. 52, at 30-31.

On February 28, 2019, the Court granted Plaintiffs' motion for partial summary judgment as to liability on Counts I and IV, entering summary judgment against the Borrower under the Notes and other Loan Documents on Count I and against Egizii under his Guaranty on Count IV, in the amount of $34,490,012.18, plus certain additional sums and less certain credits, in amounts to be determined. The Plaintiffs note that by entering judgment against Borrower and Egizii, the Court necessarily determined that the Affirmative Defense of laches did not provide a valid defense to Counts I and IV.

The Plaintiffs contend that, by entering judgment against Borrower and Egizii, the Court necessarily found that the Affirmative Defense of laches did not provide a valid defense to Counts I and IV. They further allege the Affirmative Defense is inapplicable to the remaining claims in the case.

"[G]enerally, statutes of limitation apply to actions at law; *laches* is the doctrine of limitation applied to actions in equity." *Sundance Homes, Inc. v. County of DuPage*, 746 N.E.2d 254, 263 (Ill. 2001). However, the line between law and equity may not be as rigid as it once was. *See id*. "[T]wo years has rarely, if ever,

3

been held to be a delay of sufficient length to establish laches." *Piper Aircraft Corp. v. Wag-Aero, Inc.*, 741 F.2d 925, 933 (7th Cir. 1984).

Even though "laches can apply beyond equity to actions at law," the Seventh Circuit noted it had not found a "case in which an Illinois court has applied laches to bar a breach-of-contract suit seeking only monetary damages." *West Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co., Inc.*, 749 F.3d 666, 678 (7th Cir. 2015). Accordingly, there was no basis to apply laches. *See id*. Similarly, this Court concludes that laches does not apply to any breach of contract claims where monetary damages are sought.

The Plaintiffs further allege that laches is not a viable defense to Counts VI and VII. The Borrower's transfers to the law firms did not begin until 2013 and continued throughout 2014. Less than two years passed between the transfers and Plaintiffs' suit. During that time, the parties were engaged in business discussions trying to reach an out-of-court resolution to Borrower's loan defaults.

The Borrower contends that the delay was based on significant inactions of the Plaintiffs which were not only unreasonable but refute Plaintiffs' claims of Defendants' fraudulent intent alleged to invoke UFTA and civil conspiracy under Counts VI, VII and VIII of Plaintiffs' complaint. Moreover if the Plaintiffs through their Servicer, properly negotiated, considered and accepted the offers of the Borrower to pay over all its cash held in its bank and trust accounts to lender and

4

deliver all the mortgaged real estate to lender in 2013, there would be no case before the Court today and significant legal fees and costs could have been avoided. The Borrower claims the Court can consider these inactions as unreasonable and inexcusable and directly prejudicing the Defendants.

Although the Court observes that it is extremely unlikely that laches would apply to a scenario where the delay was two years or less, *see Piper Aircraft Corp.*, 741 F.2d at 933, the Court will not preclude the Defendants from presenting argument or evidence relating to the affirmative defense of laches as to Counts VI, VII and VII.

Ergo, the Plaintiffs' motion in limine to bar evidence or argument related to the affirmative defense of laches [d/e 176] is ALLOWED in part.

The motion is allowed to the extent that such evidence or argument is barred as it relates to the breach of contract claims asserted in Counts I, II, III and IV.

The motion is otherwise Denied.

ENTER: April 15, 2019

    FOR THE COURT:

                                          /s/ *Richard Mills*
                                          Richard Mills
                                          United States District Judge