IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as Trustee for the Registered Holders of | ) | |
| the MEZZ CAP COMMERCIAL | ) | |
| MORTGAGE TRUST 2007 C-5, | ) | |
| COMMERCIAL MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES, SERIES | ) | |
| 2007-C5, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-3195 |
| | ) | (consolidated) |
| SPRINGFIELD PRAIRIE PROPERTIES, | ) | |
| LLC, an Illinois limited liability company; | ) | |
| ROBERT W. EGIZII, an individual; | ) | |
| MICHAEL EGIZII, an individual; | ) | |
| RODNEY EGIZII, an individual; JODI | ) | |
| BAPTIST, an individual; JOHN PRUITT, | ) | |
| an individual; PAMELA JOHNSON, | ) | |
| EXECUTOR OF THE ESTATE OF CLYDE | ) | |
| BEIMFOHR; EEI HOLDING | ) | |
| CORPORATION, an Illinois | ) | |
| Corporation; and EGIZII PROPERTY | ) | |
| MANAGERS, LLC, an Illinois limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion in limine to preclude Defendants' equitable estoppel and failure to mitigate defenses.

I.

The Plaintiffs move in limine to prohibit any argument or evidence relating to Affirmative Defenses asserted by the Defendants that Plaintiffs are equitably estopped from advancing some or all of their claims and that Plaintiffs failed to mitigate their damages.

In June 2007, Defendant Springfield Prairie Properties, LLC ("Borrower") received two commercial loans totaling over $23 million from the Plaintiffs-Lenders. Defendant Robert W. Egizii ("Egizii") signed a personal guaranty for these loans. As part of that transaction, the Borrower executed documents requiring it, among other things, to secure Plaintiffs' consent before (a) modifying leases above a certain square footage, including its lease to Defendant EEI Holding Corporation ("EEI") for part of the commercial property at 700 North MacArthur Blvd., Springfield, Illinois ("the North MacArthur Property"), or (b) selling any of the collateral, including the commercial property located at 2285 E. CR 350 North Road, Pana, Illinois ("The Pana Property"). The Plaintiffs note that the Loan Documents establish specific processes and criteria for any sale of the Pana Property. The sale must be to the State of Illinois based on its exercise of a purchase right contained in a lease agreement.

Subsequently, the Borrower defaulted by failing to make the monthly payment due in October 2012.

The Plaintiffs allege that, seeking to avoid its obligations, the Borrower improperly funneled millions of dollars through various law firms to various insiders, including Defendants EEI and Egizii Property Managers, LLC ("EPM"), along with Defendants Egizii, Thomas Egizii, Michael Egizii, Jodi Baptist, John Pruitt and Pamela Johnson, Executor of the Estate of Clyde Beimfohr ("the Constructive Members"). The Plaintiffs seek to recover those assets and the loan balance through this lawsuit.

The Plaintiffs' Complaint includes breach of contract claims with respect to the commercial notes and guaranty (Counts I through IV), claims to avoid the law firm transfers under the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* ("UFTA") (Count VI and VII), and a claim for civil conspiracy (Count VIII).

On February 28, 2019, the Court granted Plaintiffs' motion for partial summary judgment as to liability on Counts I and IV, entering summary judgment against the Borrower under the Notes and other Loan Documents on Count I and against Egizii under his Guaranty on Count IV, in the amount of $34,490,012.18, plus certain additional sums and less certain credits, in amounts to be determined.

The Defendants assert that Plaintiffs are equitably estopped from recovering, or Plaintiffs failed to mitigate their damages, because Plaintiffs refused to approve

two proposed transactions and failed to deal in good faith with Borrower. One involved Borrower's request to reduce the rent being paid to it by related party-EEI; the other, the sale of one component of the collateral that Borrower granted to Plaintiffs.

The Plaintiffs contend that by entering judgment against the Borrower and Egizii, the Court necessarily determined that Plaintiffs were not equitably estopped from this judgment and that Plaintiffs did not fail to mitigate their damages. They allege the Court has already rejected these defenses.

The Plaintiffs further assert that Defendants are barred from raising the affirmative defense by the preclusive effect of the state court judgment in the parallel quasi in rem foreclosure case, Case Number 2014-CH-456 in Sangamon County Circuit Court ("the Foreclosure Case"). The Plaintiffs in the Foreclosure Case did not seek personal recourse liability against the Borrower or Egizii. On June 13, 2017, the court in the Foreclosure Case issued a Judgment of *In Rem* Foreclosure and Sale. The Foreclosure Judgment found, without limitation, that Plaintiffs are the "owner and holder of the Notes and Mortgages aforesaid." Doc. No. 173, at 15.

The Foreclosure Judgment found that the amount due was the sum of (i) on the A Loan, $31,902,226.45, plus $6,420.54 per day in interest after December 11, 2016; (ii) on the B Loan, $2,587,785.73, plus $673.28 per day in interest after December 11, 2016; (iii) attorney's fees and costs; and (iv) any advances permitted

by Plaintiff under the Loan Documents after December 11, 2016.  Doc. No. 173, at 16.

The Plaintiffs claim they cannot now be found to be equitably estopped for causing Borrower's default because such a finding would contradict not just the Court's opinion, but also the state court judgment.  Moreover, the judgment establishes that all of the amounts owed were in fact validly due to the Plaintiffs and, therefore, Plaintiffs cannot have failed to mitigate their damages.  The Plaintiffs allege the doctrine of issue preclusion, or collateral estoppel, prevents Defendants from challenging the state court's factual findings.  The doctrine of claim preclusion, or res judicata, prevents the Defendants from asserting these defenses in the first place.

Accordingly, the Plaintiffs request that the Court prohibit Defendants from arguing or introducing evidence in support of an equitable estoppel or failure to mitigate defense at trial.

In response to the Plaintiffs' motion, the Constructive Members—including Egizii—claim that the Plaintiffs' motion in limine does not preclude entry of evidence concerning the Defendants' good faith efforts to resolve this matter.  The Constructive Members allege Plaintiffs' motion focuses on pre-default conduct— the failure of the Plaintiffs' predecessors in interest to reduce rents and to allow for

sale of the Pana Property in the face of the overwhelming economic downturn affecting Springfield and properties rented to the State of Illinois.  The Constructive Members allege this conduct showed a failure to mitigate which could be interpreted as a device to precipitate default and lead to a doubling of interest rates upon default.

The Constructive Members further claim that Plaintiffs' motion does not deal with Defendants' post-default good faith and mitigation defenses.  The Constructive Members say they intend to offer evidence that they repeatedly offered to return to Plaintiffs the keys to all the properties and to remit all of the accumulated rents that they had in their possession as early as 2013—before 98% of the transfers that Plaintiffs are complaining about occurred.  According to the Constructive Members, that was evidence of the Defendants' good faith and the Plaintiffs' failure to mitigate. Moreover, the Constructive Members' good faith in repeatedly offering to the Plaintiffs the keys to the properties and the accumulated rents in their possession is relevant to defeat evidence of fraudulent intent with respect to the Plaintiffs' Counts VI and VII dealing with allegations of fraudulent transfers.  The Constructive Members  contend such evidence should not be precluded by Plaintiffs' motion in limine which deals only with pre-default conduct.

The Constructive Members also adopt the response of EPM and EEI.

EPM and EEI first state they were not parties to the Foreclosure Case. They claim that, to the extent the Plaintiffs allege the two entities should be prohibited from asserting legal defenses because they are alter egos of one or more of the other Defendants and were thus in privity with parties in the Foreclosure Case, EPM and EEI allege this conclusion requires a judicial determination of fact, during which both Defendants should be allowed to present evidence refuting these claims and asserting affirmative defenses.

EPM and EEI also allege that to the extent the Plaintiffs allege that Borrower "improperly" paid money to these Defendants, that is also the subject of a judicial determination.

## II.

Issue preclusion, or collateral estoppel, is designed to prevent "relitigation in one suit of an identical issue already resolved against the party against whom the bar is sought." *Kessinger v. Grefco, Inc.*, 173 Ill.2d 447, 460 (1996). The following elements must be satisfied for issue preclusion to apply: "(1) the issue decided in the prior suit is identical with the one presented in the pending suit; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was either a party or in privity with a party in the prior lawsuit." *Id*. at 461.

Claim preclusion, or res judicata, "provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 335 (1996). This includes what actually was decided in the first action and matters that could have been decided in that suit. *See id.* 334-35. The following elements must be satisfied for claim preclusion to apply: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." *Id.* at 335.

The Court does not intend to revisit issues already determined by this Court or the Sangamon County Circuit Court. The Court will allow the motion as to the Borrower. As the Plaintiffs point out, the Borrower did initially raise Plaintiffs' refusal to approve the EEI lease modification and the proposed Pana Property sale as affirmative defenses, specifically asserting, "Plaintiffs failed or refused to mitigate damages as required by law." Doc. No. 178, Ex. 3 at 12-13. Thus, the Borrower could have litigated this affirmative defense in the State Action. The Court will allow the motion as to the Borrower and to the extent that it relates to Counts I and IV, given that liability has been determined as to those issues.

As for the other counts, the Court will defer ruling on those portions at this time. This is a bench trial and the Court will be equipped at trial to determine issues

8

of privity and whether there is an identity of parties, issues and/or causes of action and whether the affirmative defense is potentially applicable or precluded.

Ergo, the Plaintiffs' motion in limine to preclude Defendants' equitable estoppel and failure to mitigate defense [d/e 178] is ALLOWED in part and DEFERRED in part.

The motion is Allowed as to Defendant Springfield Prairie Properties, LLC, and as to Counts I and IV.

The Court otherwise will Defer ruling on the motion.

ENTER: April 18, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge