IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CSMC 2007-C4 EGIZII PORTFOLIO LLC, )
 )
and )
 )
U.S. BANK NATIONAL ASSOCIATION, )
as Trustee for the Registered Holders of )
the MEZZ CAP COMMERCIAL )
MORTGAGE TRUST 2007 C-5, )
COMMERCIAL MORTGAGE PASS- )
THROUGH CERTIFICATES, SERIES )
2007-C5, )
 )
  Plaintiffs, )
 )
 v. ) Case No. 15-3195
 )  (consolidated)
SPRINGFIELD PRAIRIE PROPERTIES, )
LLC, an Illinois limited liability company; )
ROBERT W. EGIZII, an individual; )
MICHAEL EGIZII, an individual; )
RODNEY EGIZII, an individual; JODI )
BAPTIST, an individual; JOHN PRUITT, )
an individual; PAMELA JOHNSON, )
EXECUTOR OF THE ESTATE OF CLYDE )
BEIMFOHR; EEI HOLDING )
CORPORATION, an Illinois )
Corporation; and EGIZII PROPERTY )
MANAGERS, LLC, an Illinois limited )
liability company, )
 )
  Defendants. )

## OPINION

RICHARD MILLS, United States District Judge:

1

Pending is the Plaintiffs' motion in limine to preclude the testimony of Borrower's Expert Donald Wright.

In 2007, Defendant Springfield Prairie Properties, LLC ("the Borrower") received two commercial loans totaling over $23 million from the Plaintiffs-Lenders. Defendant Robert W. Egizii signed a personal guaranty for these loans. Subsequently, the Borrower defaulted by failing to make the monthly payment due in October 2012. The Plaintiffs allege that, despite clear warnings to the contrary, the Borrower breached the loan documents by transferring over $3 million in cash collateral securing the loans to various law firms. The Plaintiffs further contend the Borrower also directed the distribution of over $700,000 to the Borrower's constructive members, who are also Defendants in this case.

The Plaintiffs' Complaint includes breach of contract claims with respect to the commercial notes and guaranty (Counts I through IV), claims to avoid the law firm transfers under the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. ("UFTA") (Count VI and VII), and a claim for civil conspiracy (Count VIII).

On February 28, 2019, the Court granted Plaintiffs' motion for partial summary judgment as to liability on Counts I and IV, entering summary judgment against the Borrower under the Notes and other Loan Documents on Count I and against Egizii under his Guaranty on Count IV, in the amount of $34,490,012.18, plus certain additional sums and less certain credits, in amounts to be determined.

The Plaintiffs allege that Borrower transferred loan collateral without prior lender consent, as required under the Loan Documents. Moreover, the Borrower is trying to evade liability by claiming its transfers were "common practice" and ordinary and necessary. The Plaintiffs say that Defendants are trying to advance these arguments via the expert testimony of Donald Wright.

As set forth in the Defendant's Amended Rule 26 Written Report of Donald Wright, Mr. Wright's first opinion is that "it is common practice for business entities which pass through their income for taxation at the ownership level, such as partnerships, limited liability companies filing as partnerships, and 'S' corporations, to distribute to their partners, members, or shareholders (the 'owners') a percentage of the profits of the entity, which the partners, members, or shareholders will be required to report to pay taxes, equal to the highest federal and state income tax rates."

As set forth in the Defendant's expert report, Mr. Wright's second opinion is that "legal expenses which are paid or incurred by an entity to defend itself in court actions and to defend its shareholders, partners, or members constitute ordinary and necessary expenses under IRC § 162 and are regularly allowed as a deduction by such an entity in the year such expenses are incurred."

The Plaintiffs contend Mr. Wright's opinions should not be considered because he is not an expert on the subject matter of his opinion; his report is

unreliable and most of his report was written for him by Borrower's legal counsel. Moreover, Mr. Wright's opinions are also not relevant because they do not "fit" the facts of this case, as the Court alluded to in its February 28, 2019 Opinion granting Plaintiffs' motion for partial summary judgment.

In an Order entered on March 27, 2019 on Plaintiffs' motion to strike Mr. Wright's Report and bar his testimony at trial, the Court stated that following its ruling on the Plaintiffs' motion for partial summary judgment, it questioned whether any of Mr. Wright's testimony would be relevant. The Court observed that "neither of his opinions applies to the facts of this case because of the precise contractual language and the ramifications of default." *See* Doc. No. 187, at 5-6. However, the Court declined to bar the testimony in case it was being offered for another purpose. The Court further stated that Plaintiffs could make a motion under Federal Rule of Evidence 702 and that, because "the case will be tried at bench, there is little risk that any testimony will be considered for an improper purpose." *Id*. at 6.

The Borrower claims Mr. Wright's first and second opinions are relevant to the fraudulent transfer claims and civil conspiracy claims brought against the Borrower and the other Defendants. The Borrower asserts Mr. Wright's opinions, if credited, make it less probable that the Borrower intended to defraud the Plaintiffs.

The Court does not intend to relitigate issues surrounding Counts I and IV. Accordingly, the Court will not consider Mr. Wright's testimony to the extent it

relates to those counts.  Given that liability has not been determined as to the other counts, the Court at this time will not preclude Mr. Wright's testimony as to those counts.

This is a bench trial and the Court will be able to determine at trial if Mr. Wright's testimony complies with Federal Rule of Evidence 702, in addition to any applicable Federal Rules of Civil Procedure.  Counsel can question Mr. Wright about the basis of his opinions, any supporting materials, the extent of his role in writing his report and any other relevant information.  The Court will be able to determine what consideration, if any, to give to Mr. Wright's testimony.

 Ergo, the Plaintiffs' motion in limine to preclude the testimony of Borrower's Expert Donald Wright [d/e 180] is ALLOWED in part and DENIED in part.

The motion is Allowed to the extent it relates to Counts I and IV.

The motion is otherwise Denied.

ENTER: April 18, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge