IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, ) <br> ) <br> and ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> as Trustee for the Registered Holders of ) <br> the MEZZ CAP COMMERCIAL ) <br> MORTGAGE TRUST 2007 C-5, ) <br> COMMERCIAL MORTGAGE PASS- ) <br> THROUGH CERTIFICATES, SERIES ) <br> 2007-C5, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SPRINGFIELD PRAIRIE PROPERTIES, ) <br> LLC, an Illinois limited liability company; ) <br> ROBERT W. EGIZII, an individual; ) <br> MICHAEL EGIZII, an individual; ) <br> RODNEY EGIZII, an individual; JODI ) <br> BAPTIST, an individual; JOHN PRUITT, ) <br> an individual; PAMELA JOHNSON, ) <br> EXECUTOR OF THE ESTATE OF CLYDE ) <br> BEIMFOHR; EEI HOLDING ) <br> CORPORATION, an Illinois ) <br> Corporation; and EGIZII PROPERTY ) <br> MANAGERS, LLC, an Illinois limited ) <br> liability company, ) <br> ) <br>       Defendants. ) | Case No. 15-3195 <br> (consolidated) |

OPINION

RICHARD MILLS, United States District Judge:

    Pending are three motions in limine filed by the various Defendants.

## I. BACKGROUND

In 2007, Defendant Springfield Prairie Properties, LLC ("the Borrower") received two commercial loans totaling over $23 million from the Plaintiffs-Lenders. Defendant Robert W. Egizii signed a personal guaranty for these loans. Subsequently, the Borrower defaulted by failing to make the monthly payment due in October 2012. The Plaintiffs allege that, despite clear warnings to the contrary, the Borrower breached the loan documents by transferring over $3 million in cash collateral securing the loans to various law firms. The Plaintiffs further contend the Borrower also directed the distribution of over $700,000 to the Borrower's Constructive Members, who are also Defendants in this case.

The Plaintiffs' Complaint includes breach of contract claims with respect to the commercial notes and guaranty (Counts I through IV), claims to avoid the law firm transfers under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. ("UFTA") (Count VI and VII), and a claim for civil conspiracy (Count VIII).

On February 28, 2019, the Court granted Plaintiffs' motion for partial summary judgment as to liability on Counts I and IV, entering summary judgment against the Borrower under the Notes and other Loan Documents on Count I and against Egizii under the Guaranty on Count IV, in the amount of $34,490,012.18, plus certain additional sums and less certain credits, in amounts to be determined.

Defendants EEI Holding Corporation ("EEI") and Egizii Property Managers, LLC ("EPM") have filed a motion in limine [Doc. No. 181]. Another motion in limine was filed by Defendant Springfield Prairie Properties [Doc. 182]. Defendants Robert W. Egizii, Thomas Egizii, Michael Egizii, Rodney Egizii, Jodi Baptist and John Pruitt ("Constructive Members") have also filed a motion in limine [Doc. No. 183]. The Plaintiffs have filed a consolidated response [Doc. No. 193] to the motions.

## II. DISCUSSION

EEI and EPM ask the Court to enter an Order barring the Plaintiffs from calling counsel as a witness and, further, barring Plaintiffs from offering into evidence the deposition of Attorney Gregory P. Sgro taken by Plaintiffs.

Springfield Prairie Properties ("SPP") seek the entry of an Order barring admission into evidence at trial the written communications of the Defendants that are protected by the attorney-client privilege, including the written communications of Defendants and Defendants' Counsel with consultant Lawrence Selevan and the written communications of Defendants and Defendants' Counsel with accounting firm Pehlman and Dold. SPP also asks the Court to exclude what it claims are legal opinions of witnesses, including Selevan and Plaintiffs' expert, Jeffrey Johnston. SPP further requests that the Court bar the Plaintiffs from calling its counsel as a

witness at trial and bar the Plaintiffs from offering into evidence the deposition testimony of Attorney R. Stephen Scott taken by the Plaintiffs.

The Constructive Members seek an Order barring the admission into evidence at trial of the written communications of the Defendants that are protected by the attorney-client privilege. They also seek to exclude the legal opinions of Selevan and Johnston. The Constructive Members also ask the Court to bar the Plaintiffs from calling as witnesses at trial any of the Defense Counsel and/or from offering into evidence the depositions of any of the Defense Counsel taken by Plaintiffs in this case.

The Plaintiffs allege the Defendants' communications with Selevan and Pehlman and Dold are not privileged or, alternatively, any privilege was waived. Moreover, Selevan's emails to Plaintiffs' counsel are admissible as statements by a party opponent. The Plaintiffs further assert that Johnston has not offered an improper legal opinion. Finally, the Plaintiffs claim it would be improper and premature to bar Plaintiffs from calling Defendants' attorneys as witnesses at trial.

Federal Rule of Evidence 502(d) provides that a court may order that the attorney-client privilege or work product protection "is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). In a Scheduling Order entered on October 27, 2016, the Court adopted

the protection allowed under Rule 502(d) and stated that the Order "shall be interpreted to provide the maximum protection" under Rule 502(d). *See* Doc. No. 39, at 4.

Because the case is in federal court based on diversity jurisdiction and Illinois law controls the substantive claims, Illinois law governs the rule of privilege. *See* Fed. R. Evid. 501.

### A. Written Communications of Defendants and Counsel with Selevan and Pelham and Dold

Lawrence Selevan was a non-attorney consultant retained by SPP to attempt to negotiate a settlement with the Plaintiffs. No settlement was reached. SPP states that, pursuant to a subpoena from the Plaintiffs and without Defendants' consent, Selevan provided to the Plaintiffs additional written communications between and among the Defendants, Defendants' counsel and Selevan. SPP contends these written communications, mostly consisting of emails, are protected by the attorney-client privilege and common interest doctrine. The common interest doctrine is an exception to the general rule that no privilege attaches if there are communications between a client and counsel in the presence of a third person. *See U.S. v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). The presence of an agent of the client at a conference between attorney and client does not destroy the privilege. *See Manella v. First Nat. Bank & Trust Co. of Barrington*, 173 Ill. App.3d 436, 442 (2d Dist. 1988). Consequently, SPP contends the written communications are not

admissible under Federal Rules of Evidence 402 and 501 and applicable Illinois law relating to privilege.

SPP states that that the Defendants in this case entered into a written Joint-Defense and Common Interest Agreement. Accordingly, the emails between and among the Defendants, the Defendants' agents (Selevan and/or Paul Wolfson with the consulting firm of Chesterfield Faring, Ltd.), and Defendants' attorneys are protected by the attorney-client privilege and common interest doctrine and are not admissible.

SPP further claims that the emails between and among the Defendants, their agents (Dorinda Fitzgerald and/or Tim Cravens with the accounting firm of Pehlman and Dold) and Defendants' attorneys are protected by the attorney-client privilege and are not admissible. Pehlman and Dold were retained by SPP for accounting services during the period in question.

"The burden of showing facts which give rise to an attorney-client privilege rests on the one who claims the privilege." *CNR Investments, Inc. v. Jefferson Trust and Sav. Bank of Peoria*, 115 Ill. App.3d 1071, 1076 (3d Dist. 1983). The privilege "does not apply to documents discussing business advice instead of legal advice." *Id*.

As the Plaintiffs point out, the Defendants have not identified any particular document they believe should be considered privileged. Accordingly, the Court is

unable to determine whether any particular communication relates to legal advice or business advice. Selevan is a non-attorney CEO of a consulting company and Pelham and Dold were retained to provide accounting services. The Court would need to review any communications before determining they are protected by the attorney-client privilege. The Court will deny this portion of the motion. The Defendants can raise any objection at trial if they believe Plaintiffs are seeking to introduce exhibits that are protected by the attorney-client privilege.

 B. <u>Legal opinions of witnesses Lawrence Selevan and Jeffrey Johnston</u>

(1)

SPP seeks to exclude what it claims is a legal opinion from non-lawyer Lawrence Selevan that SPP is not allowed to use revenues generated from its properties, even prior to a default and prior to the appointment of a receiver, to pay legal fees not directly associated with the operations of the properties. SPP alleges this non-lawyer legal opinion is not relevant and is not admissible evidence in this case. The Plaintiffs claim that, based on his status as an agent of SPP, Selevan's emails to counsel are admissible as a statement by a party opponent.

As a general rule, an expert may not offer legal opinions. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). This is particularly true for a non-lawyer witness. Mr. Selevan's November 6, 2013 email in response to Plaintiffs' counsel is attached to SPP's motion in limine. Plaintiffs' counsel stated via email to

Selevan: "It is my understanding that when a borrower defaults, he is not to pay his legal fees from the rents." Selevan responded with what reads as a one and one-half page legal analysis.

The Court declines to consider the email from Selevan to Plaintiffs' counsel. Moreover, the Court declines to consider any deposition testimony from Selevan on the issue of whether SPP is allowed to use revenues generated from its properties, prior to a default and prior to the appointment of a receiver, to pay legal fees not directly associated with the operations of the properties. While the statement may constitute the legal opinion of a non-lawyer party opponent, the Court concludes that Mr. Selevan is not qualified to offer a legal opinion. If Selevan testifies, the Court will give him a little latitude based on his work experience. However, the Court will allow this portion of the Defendants' motion to the extent of the email exhibit and any deposition testimony that consists of legal analysis.

(2)

SPP also claims Plaintiffs' expert witness Jeffrey Johnston sets forth significant legal opinions and legal analysis in his Supplementary Preliminary Expert Report. Four of the five specific opinions set forth in the report constitute legal opinions.

SPP notes that, in his Supplementary Preliminary Expert Report, Johnston states that Plaintiffs are seeking to avoid certain transfers under UFTA. Johnston

sets forth the relevant requirements for actual fraud under Section 160/5 of UFTA and sets forth the definition of insolvency under Section 160/3 of UFTA. Johnston then provides his analysis and opinion that, based on the definition therein, SPP was insolvent as early as December 31, 2012. SPP contends this constitutes Johnston's legal opinion as to Defendant's solvency as a specific finding under UFTA, which he gives to support Plaintiffs' claims for fraudulent transfers under UFTA.

SPP claims that Johnston next performs legal analysis based on the requirements for a fraudulent transfer under UFTA to determine whether certain expenditures by SPP were for reasonably equivalent value. Johnston sets forth in his report Section 160/5 of UFTA in its entirety. Johnston concludes in his report that certain expenditures by SPP were not made for reasonably equivalent value under 740 ILCS 160/5(a)(2). SPP contends Johnston's opinion that certain transfers made by SPP are fraudulent transfers which can be avoided under UFTA, as alleged by the Plaintiffs, is a legal opinion that is not appropriate expert testimony.

SPP alleges Johnston's next opinion regarding whether certain rent reductions made by SPP to EEI constitute additional fraudulent transfers also is a legal one. Moreover, it is an ultimate issue to be decided by the judge. SPP states that, under Federal Rules of Evidence 702 and 704, an expert may not offer opinions about outcome-determinative legal issues. However, Rule 704(a) provides, "An opinion

9

is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

SPP further asserts Johnston's opinion that some or all of the rent reductions provided to EEI by SPP may constitute transfers for less than reasonably equivalent value is also based on Johnston's legal opinions.

SPP also claims Johnston's opinion that he "observed indicia of alter ego" among SPP, EEI and EPM and his citation of case law pertaining to piercing the corporate veil and alter ego are not admissible under the Federal Rules of Evidence.

SPP contends that Johnston's non-lawyer, legal opinions are irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.

This is a very technical case. Given the nature of the dispute, an expert opinion in this case would be of little use to the Court if it did not touch on legal issues. The Plaintiffs point out that the factual question here is whether the Defendants' actions violated UFTA. In order for the testimony to be relevant, an expert must fit his analysis to the issues in this case. *See In re Joy Recovery Tech. Corp.*, 286 B.R. 54, 68 (Bankr. N.D. Ill. 2002). The fact that portions of the report referred to relevant portions of UFTA does not render it an impermissible legal conclusion. *See id*.

The Court will deny this portion of SPP's motion. The Defendants are free to raise any objections to Johnston's testimony at trial and the Court will not consider

any testimony that is not in accordance with the Rules of Evidence. As the Court stated in considering whether to allow another expert's testimony in this case, because "the case will be tried at bench, there is little risk that any testimony will be considered for an improper purpose." Doc. No. 207, at 4. "The need to protect jurors from adopting legal conclusions of an expert witness does not exist when the trial judge is factfinder." *Joy Recovery*, 286 B.R. at 68. Moreover, "[t]he court will not rely on the expert to instruct it on the law." *Id*.

The Court is confident that Johnston's trial testimony will not include any legal conclusions. Obviously, the Defendants may object if his testimony violates the Federal Rules of Evidence.

C. Testimony of Defendants' counsel

The Defendants note that Plaintiffs have listed Defendants' counsel in Plaintiffs' Rule 26 disclosures as individuals likely to have discoverable information. Specifically, counsel collectively "are likely to have discoverable information regarding the trust accounts and retainers maintained on behalf of and received from the various defendants in this action, including from whom the funds were received, the terms under which such accounts were maintained, the distributions (including the recipient, purpose and identity of the party authorizing such distribution) from such accounts, the purposes for which such funds were routed through the Law Firms, and other matters." In their response to the

11

Defendants' motion, the Plaintiffs claim counsel may need to testify regarding the particulars of the transfers to and from the law firm trust accounts (including several that were complicated or not fully documented), the scope of their engagement and particular actions taken to benefit non-clients, and facts related to retainer payments (including those that were not disclosed until Plaintiffs asked about them in supplementary discovery requests in 2018). The Plaintiffs say they have no intention of asking counsel to testify regarding privileged matters.

The Plaintiffs state they expect to call Attorneys David Neff, James R. Potter, R. Stephen Scott and Gregory P. Sgro as trial witnesses, while reserving the right to call Defendants' other attorneys as rebuttal or additional witnesses as necessary, and to offer the transcript of any of the attorney depositions taken in this case for any permissible purpose, including impeachment.

This Court has adopted the Illinois Supreme Court Rules of Professional Conduct. CDIL-LR 83.6(D). Illinois Supreme Court Rule of Professional Conduct 3.7(a) provides that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless the testimony relates to an uncontested issue, the testimony relates to the nature and value of legal services rendered in the case, or disqualification of the lawyer would work substantial hardship on the client. Ill. R. Prof. Conduct 3.7(a). The trial court has the discretion to determine whether an attorney acting as an advocate may appear as a witness without withdrawing from

the case. *See United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983). If the evidence is easily available from other sources and barring extraordinary circumstances or compelling reasons, an attorney who is an advocate in the case should not be called as a witness. *See United States v. Dack*, 747 F.2d 1172, 1176 n.5 (7th Cir. 1984); *United States v. Johnston*, 690 F.2d 638, 644 (7th Cir. 1982). It is a situation to be avoided if possible. *See Johnston*, 638 F.2d at 644.

SPP alleges that the information sought by Plaintiffs—regarding retainers paid to the law firms and regarding the trust accounts, the terms under which the trust accounts were maintained, the distributions from the trust accounts, and the purposes for the trust accounts—are not even in dispute. SPP claims it has provided this information to the Plaintiffs and counsel would be unable to provide any relevant testimony that is not duplicative of information and documents already provided to Plaintiffs in discovery.

The Plaintiffs allege calling counsel as witnesses is appropriate based on the unique background of this case. The Court previously observed, "The Law Firms became involved in this suit when SPP transferred a portion of the post-default rent to the Law Firms in the form of a retainer." Doc. No. 116, at 2. Plaintiffs assert the transfers were done with the intent to defraud Plaintiffs. The Court noted the attorneys were "directly involved in the billing and communication with Defendants" regarding the retainer accounts. *Id*. at 5. Counsel's knowledge is thus

"crucial to Plaintiffs' preparation of the case, as the case revolves around SPP's transfer and distributions of money." *Id*. Judge Long stated, "Each Law Firm's use of SPP's retainer funds is directly relevant." *Id*. The Court observed that although Defendants have known their counsel might be called upon as fact witnesses, they chose to consolidate the two separate actions filed by Plaintiffs. *Id*. at 6. The Plaintiffs allege the testimony of counsel is even more necessary and appropriate at trial than during discovery.

SPP also claims that all information known by the Defendants' counsel regarding the law firm retainers and trust accounts is also known by Defendant Robert Egizii, who is the SPP representative who authorized all retainer payments, deposits into the trust accounts and all withdrawals from the trust accounts. Moreover, the same undisputed information relating to the retainers and trust accounts has been provided to the Plaintiffs through the production of over 1,100 pages of documents from SPP. Accordingly, SPP claims that counsel do not qualify as necessary witnesses in this case.

The Plaintiffs claim there are no other means to prove their case without the testimony of counsel. The Court previously determined that deposing Egizii was insufficient to discover all of the information to which the Plaintiffs were entitled. *See* Doc. 116, at 5. The Plaintiffs say they have no reason to believe Egizii's trial testimony will prove more illuminating. Moreover, the Plaintiffs claim that

Defendants continue to maintain confidentiality designations with respect to virtually all of the documents about which they say there is no dispute. The Plaintiffs further note that Defendants have not yet agreed that all facts proposed by Plaintiffs are uncontested, nor agreed to stipulate to their admissibility. Even if documents related to the topics at issue are admitted, the Plaintiffs may want to ask follow-up questions.

SPP contends that Plaintiffs' only possible reasons for calling Defendants' counsel as witnesses at trial would be to support a bad faith motion to disqualify counsel or in order to bolster the Plaintiffs' appeal of the Court's dismissal of the claims filed against the Law Firm Defendants. The Plaintiffs say they have no intention of filing a motion to disqualify counsel.

The Plaintiffs claim that, even if the Court has concerns about admitting testimony from Defendants' counsel, this portion of Defendants' motion should still be denied at this juncture. The Court could defer ruling on the issue until trial.

The Plaintiffs further state that if Defendants concede the relevant facts, drop their objections to the introduction of all relevant documents and Egizii provides the wide-ranging, complete and unquestionably credible testimony that Defendants suggest he is capable of, then the need for counsel's testimony may be lessened.

While the Court has concerns about attorneys in the case acting as trial witnesses, the Plaintiffs are entitled to a full and fair opportunity to present their

case. It has not been established that the information sought is available from other sources. The Plaintiffs and Defendants vigorously dispute whether the Plaintiffs could obtain the evidence from other sources.

Based on the current record, therefore, the Court is unable to conclusively determine whether the Plaintiffs can access the information without calling counsel as witnesses. Given those circumstances, the Court at this time declines to bar the Plaintiffs from calling counsel for Defendants as witnesses at trial. Although it is a situation to be avoided if possible, *see Johnston*, 638 F.2d at 644, it is at best premature for the Court to determine that the evidence is available from other sources. While the issue may be revisited, it is possible that the Court will not be in a position to determine whether the information is accessible from other sources prior to any testimony. For the same reasons, the Court also at this time declines to bar Plaintiffs from offering counsel's depositions into evidence at trial.

Ergo, the motion in limine of Defendants EEI Holding Corporation and Egizii Property Managers, LLC [d/e 181] is DENIED, as provided in this Order.

The motion in limine of Defendant Springfield Prairie Properties, LLC [d/e 182] is ALLOWED in part and DENIED in part, as provided in this Order.

The motion in limine of Defendant Robert W. Egizii and Defendant Members Thomas Egizii, Michael Egizii, Rodney Egizii, Jodi Baptist and John Pruitt [d/e 183] is ALLOWED in part and DENIED in part, as provided in this Order.

The Plaintiffs' motion for leave to file instanter a sur-reply to Defendants' motion in limine [d/e 200] is DENIED.

ENTER: April 24, 2019

FOR THE COURT:

/s/ *Richard Mills*

Richard Mills
United States District Judge