IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, and U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the MEZZ CAP COMMERCIAL MORTGAGE TRUST 2007 C-5, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; PAMELA JOHNSON, EXECUTOR OF THE ESTATE OF CLYDE BEIMFOHR; EEI HOLDING CORPORATION, an Illinois Corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company, <br><br> Defendants. | Case No. 15-3195 <br> (consolidated) |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion for judicial notice of public records.

Pending also is the Plaintiffs' agreed motion to supplement jurisdictional statement.

I.

Pursuant to Federal Rule of Evidence 201, the Plaintiffs move for judicial notice of certain public records filed in an *in rem* foreclosure action previously pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois.

The Plaintiffs allege that, in June 2007, pursuant to certain loan documents, two mortgage loans were made to Defendant Springfield Prairie Properties, LLC ("Borrower") totaling $23,340,000 (together, "the Loans"). The Loans were secured by certain and real personal property ("the Property"). Defendant Robert W. Egizii ("Egizii") signed an Indemnity and Guaranty Agreement ("the Guaranty") to guaranty repayment of the Loans. In an Order entered on February 28, 2019, the Court granted Plaintiffs' motion for partial summary judgment as to liability on Counts I and IV, thereby entering judgment against the Borrower under the Notes and other Loan Documents on Count I and against Egizii under the Guaranty on Count IV, in the amount of $34,490,012.18, plus certain additional sums and less certain credits, to be determined.

Before the case was filed, Plaintiffs filed a foreclosure lawsuit in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, Case Number 2014 CH 00456, to foreclose upon the real Property securing the loans.

Because both cases derive from the same Loans and Loan Documents, the Plaintiffs ask the Court to take judicial notice of certain public records filed in the Foreclosure Case for two purposes. The Plaintiffs claim that, in this action, the Defendants have wrongfully informed this Court that the Foreclosure Court held that Plaintiffs were not permitted to recover pre-receivership rental income. The Plaintiffs allege the Defendants are incorrect in that the Foreclosure Court specifically left it to this Court to make that determination. Second, because the Defendants are due a credit for the amount of the credit bid submitted by Plaintiffs in the Foreclosure Case, the Court will need to take judicial notice of the Order Confirming Sale of the real properties at issue in order to make the proper calculation of damages.

The Foreclosure Court entered an "Order Appointing Receiver" by which it appointed David Onion of Chicago Capital Holdings, as the Receiver of the Property. After the Receiver filed a motion seeking to recover rental income from the Property, the Foreclosure Court entered a Supplemental Proceedings Order allowing further proceedings pertaining to the collection of post-receivership rents.

The Plaintiffs state that on February 8, 2017, the Receiver filed the "Receiver's Supplemental Complaint," seeking to recover $650,400 in unpaid rent from EEI Holding Corporation ("EEI"). The Receiver noted that another $898,400 was due "for months that pre-date the appointment of Receiver, and Receiver reserve[d] its right to collect such unpaid rent on behalf of [Borrower]."

EEI filed a motion to dismiss the Receiver's Supplemental Complaint, claiming that the Receiver's request was duplicative of what the Plaintiffs are seeking in this case. The Foreclosure Court granted EEI's motion to dismiss, holding that Illinois law "support[s] dismissal of the Third Party Complaint in this forum in favor of continued litigation of the issues in Federal Court." The Foreclosure Court explained that it "is also of the opinion that the findings of the Honorable Judge Mills, who is presiding over the federal proceedings, would be considered by this court as binding for purposes of a final accounting in these underlying proceedings."

Based on the foregoing, the Plaintiffs state that the Foreclosure Court expressly declined to rule on whether the Receiver (or the Plaintiffs) are entitled to pre-receivership rents. Rather, the Foreclosure Court expressly left a determination of that issue to this Court.

On June 13, 2017, the Foreclosure Court entered a "Judgment of *in Rem* Foreclosure and Sale." The Foreclosure Court found that the Notes were in default

and that Plaintiffs had proved their case and granted the Plaintiffs an *in rem* judgment of foreclosure.

On April 27, 2018, the Foreclosure Court then entered its "Order Approving Reports of Sale, Terminating Receivership, Canceling Receiver's Bond and Confirming Sheriffs' Foreclosure Sales." In the Approval and Confirmation Order, the Foreclosure Court found that the credit bid was $9,400,000, representing Plaintiffs' bid prices for the real Property being foreclosed. The Plaintiffs claim this Approval and Confirmation Order conclusively establishes that the amount of credit bid was $9,400,000, which is the amount due as a credit to Defendants as described on page 41 of the Court's Order on Plaintiffs' motion for partial summary judgment.

The Plaintiffs ask the Court to take judicial notice of Exhibits 1 through 7 to their motion. These documents were publicly filed with the Foreclosure Court and either relate to the Receiver's attempt to collect rents or establish the credit due Defendants set forth in this Court's Opinion.

In their response, the Defendants say they have no objection to the Plaintiffs' motion but request that the Court take judicial notice of all such records instead of just a few. The Court should take judicial notice of all pleadings and their exhibits, as well as the docket sheet.

The Defendants claim that in discussing a particular Order of the Foreclosure Court, the Plaintiffs did not mention that Egizii Property Managers, LLC ("EPM")

was dismissed from the State Court action. Moreover, while the Plaintiffs' motion acknowledges that the Foreclosure Court declined to allow a third party complaint to be brought against EEI, the Defendants allege Plaintiffs in a companion motion seek to bind both parties to rulings and/or findings which were made when they were not parties. The Defendants further say that Plaintiffs' motion omits to recite that SPP turned over more than $80,000.00 to the Receiver upon his appointment. The Defendants claim that the best evidence is the complete record.

II.

Federal Rule of Evidence provides in part that the Court may take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. P. 201(b).

The Court agrees that the public records filed in the Foreclosure Case in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, Case Number 2014 CH 00456, are subject to judicial notice under Rule 201(b). Accordingly, the Court will take judicial notice of the exhibits to the Plaintiffs' motion.

The Court agrees with the Defendants that any other pleadings or exhibits that are part of the record in the Foreclosure Case are also subject to judicial notice. If

the Parties wish to submit any such documents as exhibits, the Court will take judicial notice.

III.

On June 26, 2018, the Court granted Plaintiffs' motion to substitute original Plaintiff/A Note Holder and replaced it with CSMC 2007-C4 Egizii Portfolio, LLC ("Substituted Plaintiff/Current A Note Holder"). In order to show that the Court retains jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, the Plaintiffs ask the Court to allow it to supplement the jurisdictional statement contained in its original complaint in order to state the citizenship for each of the Substituted Plaintiff/Current A Note Holder's members. For good cause shown, the Court will allow the Plaintiffs to supplement their jurisdictional statement.

Ergo, the Plaintiffs' motion for judicial notice of public records [d/e 184] is GRANTED.

The Court hereby takes judicial notice of the exhibits attached to the Plaintiffs' motion--Exhibits 1, 2, 3, 4, 5, 6, and 7.

As stated herein, the Court will take judicial notice of any other pleadings or exhibits that are part of the record in Sangamon County Case Number 2014 CH 00456.

The Plaintiffs' agreed motion to supplement their jurisdictional statement [d/e 199] is GRANTED.

Pursuant to Federal Rule of Civil Procedure 15(a), the jurisdictional statement of the Plaintiffs' Complaint [d/e 1, Case No. 15-3199] is deemed amended to include the quoted language on page 2 of Plaintiffs' motion [d/e 199].

ENTER: April 25, 2019

    FOR THE COURT:

                                              /s/ *Richard Mills*
                                              Richard Mills
                                              United States District Judge