IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CSMC 2007-C4 EGIZII PORTFOLIO LLC,          )
                                            )
and                                         )
                                            )
U.S. BANK NATIONAL ASSOCIATION,             )
as Trustee for the Registered Holders of    )
the MEZZ CAP COMMERCIAL                      )
MORTGAGE TRUST 2007 C-5,                     )
COMMERCIAL MORTGAGE PASS-                    )
THROUGH CERTIFICATES, SERIES                 )
2007-C5,                                     )
                                            )
                Plaintiffs,                  )
                                            )
  v.                                        )          Case No. 15-3195
                                            )             (consolidated)
SPRINGFIELD PRAIRIE PROPERTIES,             )
LLC, an Illinois limited liability company; )
ROBERT W. EGIZII, an individual;            )
MICHAEL EGIZII, an individual;              )
RODNEY EGIZII, an individual; JODI          )
BAPTIST, an individual; JOHN PRUITT,        )
an individual; PAMELA JOHNSON,              )
EXECUTOR OF THE ESTATE OF CLYDE             )
BEIMFOHR; EEI HOLDING                       )
CORPORATION, an Illinois                     )
Corporation; and EGIZII PROPERTY            )
MANAGERS, LLC, an Illinois limited          )
liability company,                          )
                                            )
                Defendants.                  )

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion in limine regarding the Constructive Members' affirmative defense of lack of standing.

Pending also is the motion of Defendant Robert W. Egizii and Defendant Members Thomas Egizii, Michael Egizii, Rodney Egizii, Jodi Baptist, John Pruitt and Pamela Johnson, Executor of the Estate of Clyde Beimfohr, for leave to file a motion for summary judgment on behalf of the Members as to Counts VI, VII and VIII.

## I.

Plaintiffs move in limine to prohibit any argument or evidence relating to the affirmative defense asserted by the Constructive Members—Defendant Robert W. Egizii, and Defendant Members Thomas Egizii, Michael Egizii, Jodi Baptist, John Pruitt and Pamela Johnson, Executor of the Estate of Clyde Beimfohr—that Plaintiffs lack standing to pursue claims against the Constructive Members under Counts VI and VII of the Plaintiffs' complaint, which seeks recovery under the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. ("UFTA"). The Plaintiffs claim the defense is not legally sufficient.

The Constructive Members allege the affirmative defense applies based on two scenarios: (1) Plaintiffs lack standing as a creditor as far as the Members are concerned because the Members are not personally liable for the debts of Defendant

Springfield Prairie Properties, LLC ("the Borrower"); and (2) as members of an LLC, the Constructive Members are exempt from liability for any transfers under the Limited Liability Company Act, 805 ILCS 180/10-10(a).

The Plaintiffs allege that, when read in its entirety, UFTA permits Plaintiffs to assert a claim against the Constructive Members. They claim the transfers to the Constructive Members are voidable as fraudulent transfers and, under UFTA, voidable transfers entitle creditors like the Plaintiffs to obtain judgments against the transferees as well as the transferors.

Although members of an entity are not typically liable for the entity's debts, the Plaintiffs claim that insiders can be held liable if they receive fraudulent transfers of funds. The Seventh Circuit observed:

> [O]nce the fraudulent nature of the transaction is established, 740 ILCS 160/8 provides the creditor with various equitable remedies for the acts of "debtors" and "transferees." Similarly, 160/9 permits a money judgment against "(1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) any subsequent transferee other than a good-faith transferee who took for value or from any subsequent transferee."

*APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 630 (7th Cir. 2002). Although the plaintiffs in *APS Sports* did not have a viable UFTA claim against the shareholders/insiders, the Seventh Circuit stated, "It is certainly possible that other facts might make an insider, or corporate officer, liable under the UFTA because of

his or her status as 'first transferee,' 'subsequent transferee' or 'debtor.'" *Id.* n.2. Applying *APS* Sports, the Plaintiffs here contend that the Constructive Members' status as a "first transferee" permits Plaintiffs to pursue them directly under UFTA.

The Plaintiffs claim that insider status does not insulate the Constructive Members from liability under UFTA and, if Plaintiffs prove the transfers are fraudulent within the meaning of UFTA, then Plaintiffs will prevail on those claims. The Plaintiffs contend the Constructive Members' affirmative defense of lack of standing is legally insufficient, misconstrues the nature of Plaintiffs' claims under Counts VI and VII and ignores the plain language of UFTA and the Seventh Circuit's holding in *APS Sports*.

The Constructive Members note that, despite the language in footnote 2 of *APS Sports*, the Plaintiffs here have not made the requisite factual showing to prove liability as a transferee. In *New Horizon Enterprises, Inc. v. Contemporary Closet Design, Inc.*, 570 N.W.2d 12 (Minn. Ct. App. 1997), a case cited in *APS Sports*, the court noted the Minnesota UFTA "permits a judgment to be entered against the first transferee of the asset or the person for whose benefit the transfer was made." *Id.* at 17 (internal quotation marks and citation omitted). The court in *New Horizon* also found that personal liability was appropriate when the individual "not only participated, but originated the scheme to frustrate the judgment creditor's efforts to enforce its arbitration award." *Id.*

The Constructive Members contend there are no allegations that would indicate that most of the Members (except perhaps Robert Egizii) originated the scheme to be recipients of fraudulent transfers. They claim they acted in good faith and gave reasonably equivalent value for the transfers, which means the transfer is not voidable under UFTA.

The Constructive Members further assert that, even though the court in *APS Sports* noted numerous bad faith acts of the corporate officers and insiders to disburse the assets of the company, the Seventh Circuit determined that the individual corporate officers and shareholders could not be liable under UFTA. *See APS Sports*, 299 F.3d at 630.

The Constructive Members also allege that the Illinois Limited Liability Company Act, 805 ILCS 180/10, bars any claims against LLC members for fraud and other misconduct while they are acting as members of an LLC.

Additionally, the Constructive Members claim that all of the Members except Robert Egizii, as non-signatories to the Loan Documents, are immune from liability under UFTA on the same basis as the Court already found the Law Firms immune from liability under UFTA--pursuant to the Rents and Profits rule.

At this stage, the Court will allow the record to develop and will not preclude assertion of the Constructive Members' affirmative defense of lack of standing to

pursue UFTA claims in Counts VI and VII. The Court will be able to consider the language in Counts VI and VII, the plain wording of UFTA, the evidence presented by the parties and any applicable case law in determining whether the affirmative defense has any applicability.

II.

Defendant Robert W. Egizii and Defendant Members Thomas Egizii, Michael Egizii, Rodney Egizii, Jodi Baptist, John Pruitt and Pamela Johnson, Executor of the Estate of Clyde Beimfohr, have filed a motion for leave to file a motion for summary judgment in behalf of the Members as to Counts VI, VII and VIII  The motion was filed on December 14, 2018, well after the dispositive motion deadline of August 31, 2018.  The Court will deny the motion as untimely.

Any arguments raised in the motion for partial summary judgment on behalf of the Members as to Counts VI, VII and VIII can be considered at trial and in post-trial briefs.

Ergo, the motion of Defendants for leave to file a motion for summary judgment on behalf of members as to Counts VI, VII and VIII [d/e 166] is DENIED.

The Clerk will terminate the motion for partial summary judgment on behalf of Members as to Counts VI, VII and VIII [d/e 167].

The Plaintiffs' motion in limine regarding Constructive Members lack of standing to pursue UFTA claims [d/e 179] is DENIED.

ENTER: April 26, 2019

FOR THE COURT:

<span style="text-align:right">*/s/ Richard Mills*
Richard Mills
United States District Judge</span>