IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, ) <br> ) <br> and ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> as Trustee for the Registered Holders of ) <br> the MEZZ CAP COMMERCIAL ) <br> MORTGAGE TRUST 2007 C-5, ) <br> COMMERCIAL MORTGAGE PASS- ) <br> THROUGH CERTIFICATES, SERIES ) <br> 2007-C5, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>  v. ) <br> ) <br> ) <br> SPRINGFIELD PRAIRIE PROPERTIES, ) <br> LLC, an Illinois limited liability company; ) <br> ROBERT W. EGIZII, an individual; ) <br> MICHAEL EGIZII, an individual; ) <br> RODNEY EGIZII, an individual; JODI ) <br> BAPTIST, an individual; JOHN PRUITT, ) <br> an individual; PAMELA JOHNSON, ) <br> EXECUTOR OF THE ESTATE OF CLYDE ) <br> BEIMFOHR; EEI HOLDING ) <br> CORPORATION, an Illinois ) <br> Corporation; and EGIZII PROPERTY ) <br> MANAGERS, LLC, an Illinois limited ) <br> liability company, ) <br> ) <br>     Defendants. ) | Case No. 15-3195 <br> Case No. 15-3199 <br> (consolidated) |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(b).

In their motion, the Plaintiffs state that they seek to clarify their claims that EEI Holding Corporation ("EEI"), Egizii Property Managers ("EPM") and Springfield Prairie Properties ("Borrower") are also alter egos of one another also apply to Counts VI (Constructive Fraud under the UFTA) and VII (Actual Fraud under the UFTA). The Plaintiffs claim they have asserted this theory since the beginning of the case and Defendants will not be prejudiced.

Second, the Plaintiffs allege they seek to confirm their position that certain additional transactions between EEI, EPM and Borrower, such as the Egizii Lease Transactions (as defined in the Complaint), also constitute fraudulent transfers under Counts VI and VII. Some of the transactions are described in the complaint and others were illuminated during the course of discovery.

The Plaintiffs claim that in both cases, much of the information sought to be added was incorporated by reference into Counts VI and VII. They contend that Defendants cannot claim surprise or prejudice. All of the information sought to be added has been the subject of testimony and cross-examination at trial.

The Defendants object to the Plaintiffs' motion, noting that it was filed at 9:57 p.m. on the eve of the last day of trial following days of trial testimony over the course of five weeks and almost four years after the action was filed. They contend

the claims that Plaintiffs seek to add are entirely new. In the original complaint, Counts VI and VII were directed only at the Borrower and Members. Rule 15(b)(1) provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1).

The Defendants assert that alter ego liability against EEI and EPM was not mentioned in those counts. Moreover, liability was not alleged against the Borrower or Members relating to back rent on the North MacArthur property.

The Plaintiffs did not request leave to amend the complaint at the final pretrial conference on March 28, 2019. On April 27, 2019, the Defendants note they objected to the Plaintiffs' attempt to add allegations to the draft pretrial order claiming liability against EEI and EPM for alter ego liability, and for back rents against the Borrower on the North MacArthur property under the fraudulent transfer counts. At the time, the Plaintiffs did not seek leave of court in attempting to expand the issues set forth in the original complaint. The Defendants continued to object to these issues at trial. The Court generally deferred rulings on the objections.

The Defendants further allege that the fact that Plaintiffs conducted discovery regarding the back rents and alter ego theories is meaningless because those legal theories were at issue in other counts of the Complaint.

"[A]mendments to complaints are liberally allowed under the Federal Rules of Civil Procedure up to and even after trial, judgment, and appeal, in cases in which there is no harm to the defendant from the tardy amendment." *United States v. Security Pacific Business Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir. 1992). "[A] party's consent to try an unpleaded claim" is not implied "merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1106 (7th Cir. 2013). A court should generally allow an amendment during trial "unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of amendment." *Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997).

Upon reviewing the record, the Court finds there was undue delay on the part of the Plaintiffs. The Plaintiffs could have sought leave to amend at the time of the final pretrial conference or at some point before the trial would begin approximately one month later. The Defendants have also pointed to potential prejudice that would

result if amendment were allowed—that being their inability to question the Plaintiffs' expert about certain issues related to the proposed claims.

Based on the Plaintiffs' undue delay and possible prejudice that could result to the Defendants if amendment of the complaint were allowed, the Court will deny the Plaintiffs' motion for leave to amend.

Ergo, the Plaintiffs' motion for leave to file an amended complaint pursuant to Rule 15(b) [d/e 214] is DENIED.

ENTER: August 30, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge