E-FILED
Thursday, 01 October, 2020 01:01:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as Trustee for the Registered Holders of | ) | |
| the MEZZ CAP COMMERCIAL | ) | |
| MORTGAGE TRUST 2007 C-5, | ) | |
| COMMERCIAL MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES, SERIES | ) | |
| 2007-C5, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-3195 |
| | ) | (consolidated) |
| SPRINGFIELD PRAIRIE PROPERTIES, | ) | |
| LLC, an Illinois limited liability company; | ) | |
| ROBERT W. EGIZII, an individual; THOMAS | ) | |
| EGIZII, an individual; MICHAEL EGIZII, an | ) | |
| individual; RODNEY EGIZII, an individual; | ) | |
| JODI BAPTIST, an individual; JOHN PRUITT, | ) | |
| an individual; PAMELA JOHNSON, | ) | |
| EXECUTOR OF THE ESTATE OF CLYDE | ) | |
| BEIMFOHR; EEI HOLDING | ) | |
| CORPORATION, an Illinois | ) | |
| Corporation; and EGIZII PROPERTY | ) | |
| MANAGERS, LLC, an Illinois limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on February 28, 2019, the Court granted partial summary judgment to Plaintiffs on Counts I and IV of their Complaint. Pending is the Defendants' Motion to Reconsider that grant of partial summary judgment.

## I.

In its Opinion and Order granting partial summary judgment in favor of Plaintiffs and against Defendant Springfield Prairie Properties, LLC ("the Borrower"), as to Count I and Defendant Robert W. Egizii ("Egizii") as to Count IV, in the amount of $34,490,012.18, subject to certain adjustments set forth in the Order, the Court found that the Borrower's transfers of rents to the Law Firm trust accounts was a prohibited transfer under ¶ 1.5(Y) of the Loan documents because it would be more difficult for the lender to collect from the Law Firm trust accounts than from the Borrower's bank account.  The Court further found that full recourse liability existed as to that amount pursuant to ¶ 1.5(Y).

Following the Court's grant of partial summary judgment, the remaining claims included:

Counts II and III, for partial recourse liability;

Counts VI and VII for claimed violations of the Illinois Fraudulent Transfer Act;

Count IX for claimed conspiracy; and

2

Counts I and II, alter ego allegations as to Defendants Egizii Property Managers, LLC ("EPM") and EEI Holding Corporation ("EEI").

A bench trial on those remaining counts began on April 30, 2019, and concluded on June 11, 2019.  The Parties have filed their respective Trial Briefs and Proposed Findings of Fact and Conclusions of Law and the matter is pending before the Court.

Because no final judgment was entered, the Defendants move under Federal Rule of Civil Procedure 54(b) for reconsideration of the Order granting partial summary judgment in favor of the Plaintiffs and against the Borrower and Egizii. Rule 54(b) provides in pertinent part: "[A]ny order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

Although Rule 54 does not include a timeliness requirement, the Seventh Circuit has held such motions generally should be filed no "more than thirty days after the entry of the adjudication to which it relates."  *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017).  In "extremely rare" cases, courts may grant an exception if "dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice."  *Id*.

The Defendants allege evidence at trial showed that the attorney trust accounts did not create a "transfer" under the Illinois Fraudulent Transfer Act, 740 ILCS 160/2(l) ("IFTA") because the Rents placed into the attorney trust accounts remained under the dominion and control of the Borrower and the mere creation of the trust accounts was no different than placing the funds into a bank account. The Defendants claim that in either case, the funds would be equally subject to garnishment by a judgment creditor. They contend that the Court erred in concluding that by creating the Law Firm trust accounts, the Borrower engaged in a prohibited transfer which made collection efforts more difficult for a judgment creditor.

The Defendants further allege that Plaintiffs changed their theory of recovery from their initial motion to their reply brief. They claim that for the first time, the Plaintiffs asserted in reply that creation of trust accounts "transferred the Rent proceeds beyond Plaintiffs' reach as a creditor—even as a *judgment* creditor." The Defendants argue that, because sur-replies are not permitted, they were not able to respond to Plaintiffs' argument that the mere creation of the trust funds constituted a transfer placing the funds beyond the reach of a judgment creditor. In their reply, the Plaintiffs reiterated their reliance on *Blue Hills Office Park LLC v. J.P Morgan Chase Bank*, 477 F. Supp.2d 366, 380 (D. Mass. 2007). The Defendants further claim that, *Blue Hills* is fundamentally distinguishable from this case because in *Blue*

4

*Hills*, the debtor transferred settlement proceeds to attorney trust accounts in which the attorneys were holding the trust funds for the debtor's beneficiaries, *see id.*, rather than for the debtor itself as in this case.  The Defendants state that that, because the Plaintiffs changed theories between their initial brief and reply, the Court did not have the benefit of any briefing to rebut what they say is the Plaintiffs' erroneous claim that the mere creation of the trust funds constituted a transfer placing the funds beyond the reach of a judgment creditor.  In granting the Plaintiffs' motion for partial summary judgment, the Court determined, "It is also logical to have different consequences depending on whether the funds remain in a borrower's account or are transferred, given that it would be more difficult for the lender to collect in the latter situation."  *See* Doc. No. 173, at 31-32.

The Defendants state that extensive evidence was introduced at trial which showed that in creating the trust accounts, the Borrower never parted with an interest in the Rents because at all times, the trust accounts remained under the dominion and control of the Borrower.[1]  The trust funds were listed as an asset on the Borrower's balance sheet and tax returns.  Their presence was disclosed to the Plaintiffs in 2013.  They functioned like a bank account and were subject to being garnished by a judgment creditor.  There was testimony that these trust accounts

---

[1] As the Plaintiffs note, the Defendants made this allegation in their response to Plaintiffs' motion for partial summary judgment.  *See* Doc. No. 88, at 19.

were IOLTA accounts controlled by Supreme Court Rule 1.15 of the Rules of Professional Regulation, which requires that funds kept in those accounts are deemed the property of the client. The Plaintiffs question the reliability of such legal opinion testimony.

The Defendants claim they had no reason to argue in their response that the trust accounts were not transfers because payment of the attorney retainers and tax distributions were transfers in any event creating full recourse liability according to the Plaintiffs' initial summary judgment motion. They could not respond to the Plaintiffs' theory asserted in the reply brief that the creation of the trust accounts created full recourse liability. The Defendants state that based on testimony at trial from Plaintiffs' expert Jeffrey Johnston, the issue of whether creation of the trust accounts constituted a transfer became relevant under the fraud counts. Accordingly, there would be no prejudice to the Plaintiffs if the issue were reconsidered.

## II.

Upon reviewing the record, the Court finds that Defendants' motion is untimely. The motion to reconsider was filed approximately nine months after the Court's Order granting the Plaintiffs' motion for partial summary judgment. Almost all of the facts alleged in the motion were based on testimony from the Defendants' witnesses at trial. Therefore, the Plaintiffs could have sought leave to file a sur-reply

and raised any argument related to these issues before the Court issued the Opinion

or sought reconsideration within 30 days of its issuance.

Even if it were to reconsider its prior Opinion, the Court finds no basis to alter

the result.  The Court found that "the Borrower's delivery of rents to the Law Firms

constitutes a transfer, under the normal dictionary or statutory definition of

"transfer.'"  Doc. No. 173, at 23.  The Court did not limit its ruling to hold that only

the deliveries into the trust accounts triggered full recourse liability.  In noting the

logic of different consequences depending upon whether the funds remain in a

borrower's account or are transferred, the Court was addressing the Defendants'

argument that the provisions of Section 1.5(e) contradict the Plaintiffs' interpretation

of Section 1.5(Y).  The Court determined that Section 1.5(e) liability would ensue

even if the Borrower never transferred net rents but failed to deliver them to

Plaintiffs, while Section 1.5(Y) liability only results if Borrower transfers property.

The Court also is unable to agree with the Defendants' assertion that *Blue

Hills* is distinguishable from this case because in *Blue Hills*, "the debtor transferred

settlement proceeds to attorney trust accounts in which the attorneys were holding

the trust funds for the debtor's beneficiaries, rather than for the debtor itself as in our

case."  The court determined that the debtor was in breach as of the date that the

settlement payment was wired to a law firm trust account.  *See Blue Hills*, 477 F.

Supp.2d at 380.  Therefore, the crucial fact was the funds were wired to a law firm

trust account, instead of the borrower's bank account.  *See id.*  The borrower in *Blue Hills* did not tell the lender about the money in advance and did not seek the lender's consent before depositing the funds.  *See id.*  The issue of the debtor's beneficiaries came in to play only when the court was determining if the borrower failed to maintain its status as a single entity by commingling funds.  *See id.* at 382.  As the Court previously found, "*Blue Hills* is instructive simply because the court enforced a springing recourse obligation with similar language to that in this case."  Doc. No. 173, at 22.  Accordingly, even if it were to reconsider its prior Opinion, the Court finds no basis to alter the result based on the reasoning of *Blue Hills*.

Ergo, the Defendants' Motion to Reconsider Grant of Partial Summary Judgment on Counts I and IV of the Complaint [d/e 240] is DENIED.

ENTER: September 30, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge