IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CSMC 2007-C4 EGIZII PORTFOLIO LLC, <br><br> and <br><br> U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the MEZZ CAP COMMERCIAL MORTGAGE TRUST 2007 C-5, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5, <br><br>         Plaintiffs, <br><br>   v. <br><br> SPRINGFIELD PRAIRIE PROPERTIES, LLC, an Illinois limited liability company; ROBERT W. EGIZII, an individual; THOMAS EGIZII, an individual; MICHAEL EGIZII, an individual; RODNEY EGIZII, an individual; JODI BAPTIST, an individual; JOHN PRUITT, an individual; PAMELA JOHNSON, EXECUTOR OF THE ESTATE OF CLYDE BEIMFOHR; EEI HOLDING CORPORATION, an Illinois Corporation; and EGIZII PROPERTY MANAGERS, LLC, an Illinois limited liability company, <br><br>         Defendants. | Case No. 15-3195 <br> (consolidated) |

## OPINION

RICHARD MILLS, United States District Judge:

Plaintiffs move for certification pursuant to Federal Rule of Civil Procedure 54(b).

## I.   INTRODUCTION

The Plaintiffs seek certification as to the Court's Opinion following the bench trial of this action. Because the Opinion set forth final judgment on all counts in the Plaintiffs' Complaint except those asserted against Robert W. Egizii (Count III for partial recourse Breach of Guaranty and Count IV for full recourse Breach of Guaranty) due to the bankruptcy stay as to him, the Plaintiffs claim there is no just reason to delay enforcement of the Court's Opinion.

The Defendants claim the Plaintiffs request should be denied because (1) the Court dismissed the Law Firm Defendants with prejudice and Plaintiffs' request is thus moot; and (2) Plaintiffs' request is a covert attempt to enlarge their expired appeal deadline against the Law Firms.

## II. BACKGROUND

<u>Lawsuit against the Law Firms (Case No. 15-3195)</u>

This is a consolidated case that began as two separate lawsuits: Case Number 15-cv-3195 and Case Number 15-cv-3199. The first-filed case was asserted against Law Firm Defendants Londrigan, Potter & Randle, P.C.; Perkins Coie LLP; Scott & Scott, P.C.; and Sgro, Hanrahan, Durr & Rabin, LLP (collectively referred to as the "Law Firm Defendants").

The Plaintiffs asserted four counts against the Law Firm Defendants. The claims in that Lawsuit were alleged only against the Law Firm Defendants. The Plaintiffs alleged the Law Firm Defendants accepted funds from their clients that violate provisions of the Uniform Fraudulent Transfer Act ("UFTA"). In their Complaint, the Plaintiffs also alleged that the Law Firm Defendants' clients—who are Defendants in the second-filed case--entered into commercial loan agreements with Plaintiffs

that include an Assignment of Rents and other loan agreements and, instead of paying their mortgage, the Law Firm Defendants' clients transferred those monies to the Defendant Law Firms.

The Plaintiffs further asserted that the equitable lien created by the loan documents constitutes a "claim" to those funds as defined by UFTA; that the transfers were done at a time when their clients were insolvent; and, that their clients did not receive reasonably equivalent value for the funds that were transferred. The Plaintiffs allege that because the Law Firms accepted these funds, they became a transferee under UFTA.

<u>Lawsuit against the Borrower, its Members and Related Entities (Case No. 15-3199)</u>

In the second-filed case, the Plaintiffs filed suit against the clients of the Law Firm Defendants, which included the Borrower pursuant to a certain commercial real estate loan agreement and the Borrower's individual Members/Partners, an

Indemnitor/Guarantor and other related entities (the "Borrower Lawsuit"). The Borrower Lawsuit contains no claims and seeks no relief against the Law Firm Defendants.

<u>Motions to Dismiss and Motion to Consolidate</u>

Motions to dismiss were filed in both cases. Both sets of Defendants moved to dismiss all claims. On December 26, 2015, while the motions to dismiss were pending, the Court granted the Defendants' motion to consolidate, thereby consolidating the cases for all purposes.

On August 15, 2016, the Court granted the Law Firm Defendants' motion to dismiss the Law Firm Lawsuit. If the cases had not been consolidated, the Order would have been a final ruling as to all claims. Because they were consolidated, the Court did not enter a "final judgment" as to the dismissal of the Plaintiffs' complaint in the Law Firm Lawsuit.

On October 26, 2016, the Court denied the Plaintiffs' first motion for a Federal Rule of Civil Procedure 54(b) certification. On August 14, 2018, the Court denied the Plaintiffs' motion for leave to amend their complaint against the Law Firms.  On March 6, 2019, the Court denied the Plaintiffs' second motion for a Rule 54(b) certification against the Law Firms in which the Plaintiffs sought to have the dismissal of the Law Firms be with prejudice.

Opinion Following Trial

Following a lengthy bench trial, the Court issued its final Opinion on Trial on March 16, 2021.  The Opinion disposed of all claims that were not stayed due to Defendant Robert W. Egizii's bankruptcy filing.  The Law Firms were dismissed "with prejudice" in Case Number 15-3195.  The Opinion held that several of the Defendants in Case Number 15-3199 (Thomas Egizii, Michael Egizii, Rodney Egizii, Jodi Baptist, John Pruitt and Executor of the Estate of Clyde Beimfohr)  were not liable to

6

the Plaintiffs. The Opinion ordered the entry of Judgment against other Defendants in Case Number 15-3199 (Springfield Prairie Properties LLC, EEI Holding Corporation and Egizii Property Managers, LLC). Because of the bankruptcy stay as to Robert W. Egizii, no judgment was entered on Counts III (breach of contract, partial recourse on Egizii's Guaranty) and IV (breach of contract, full recourse, on Egizii's Guaranty), which were asserted solely against him.

Appellate proceedings

On April 15, 2021, the Plaintiffs filed a notice of appeal seeking to "appeal the decision of this Court entered on March 16, 2021. The Defendants state that Plaintiffs failed to file their docketing statement, which would have informed the Seventh Circuit of: (1) the different defendant groups in the two cases, including that Robert W. Egizii was a defendant only in Case

Number 15-3199; and (2) this Court's separate rulings in each case.

On April 21, 2021, the Seventh Circuit issued an Order noting the bankruptcy stay as to Egizii, questioning whether this Court's Order was a final appealable judgment under 28 U.S.C. § 1291 and directing the Plaintiffs to file a memorandum by May 5, 2021, stating why the appeal should not be dismissed for lack of jurisdiction.

On May 3, 2021, the Seventh Circuit issued a Rule to Show Cause against the Plaintiffs for failure to file a docketing statement, stating:

> Circuit Rule 3(c) directs the appellant to file and serve a Docketing Statement, which meets the requirements of Circuit Rule 28(a), with the Clerk of the District Court at the time of the filing of the notice of appeal or with the clerk of this court within seven (7) days of filing the notice of appeal. Your Rule 3(c) Docketing Statement has not been filed to date. Accordingly, **IT IS ORDERED** that the appellant file this overdue Docketing Statement with the clerk of this court within fourteen (14) days of the date of

this order. Failure to do so will result in a one hundred dollar ($100.00) fine and/or dismissal of this notice of appeal.

Based on the foregoing the Defendants state that, in order to continue prosecuting their appeal against the Law Firms in Case Number 15-3195, the Plaintiffs simply had to: (1) file a docketing statement; and (2) respond to the Seventh Circuit's April 21 order to inform the court that an appeal against the Law Firms was proper under *Hall v. Hall*, 138 S. Ct. 1118 (2018), because this Court's March 16 Judgment dismissing the Law Firms with prejudice was a final, appealable Order in Case Number 15-3195. The Defendants allege the Seventh Circuit was correct that an appeal in Case Number 15-3199 cannot proceed absent a Rule 54(b) certification due to Robert Egizii's bankruptcy filing.

On May 5, 2021, the Plaintiffs filed a motion to voluntarily dismiss their entire appeal and the Seventh Circuit granted the dismissal.

The Plaintiffs state that, although the Court addressed each count of Plaintiffs' Complaint, the Opinion did not contain the requisite language of Federal Rule of Civil Procedure 54(b), which would permit the Plaintiffs to appeal. Rule 54(b) language would be required to grant Court of Appeals jurisdiction over any appeal. Otherwise, the fact that no judgment issued on Counts III and IV because of the bankruptcy stay precludes an appeal.

The Defendants note that the dismissal of the Law Firms in the March 16 Judgment was "with prejudice." Accordingly, it was a final judgment and instantly appealable without an express Rule 54(b) certification.

### III. DISCUSSION

The Plaintiffs ask the Court to certify the Opinion under Rule 54(b) so that it becomes final. Rule 54(b) provides:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or

> third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In a case involving multiple defendants, if the claims are stayed against one defendant because of a bankruptcy filing, the plaintiff may appeal if the court issues a Rule 54(b) certification stating "its dismissal of the claims against the noninsolvent defendant constituted a final judgment despite the pending stay against the insolvent defendant." *Kimbrell v. Brown*, 651 F.3d 752, 758 (7th Cir. 2011); *see also Wilhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 973 (7th Cir. 2001) (Under Rule 54(b) and applicable precedent, "a partial final judgment is

not appealable under Rule 54(b) absent an express determination that there is no just reason for delay.").

The Plaintiffs claim that the relevant law strongly favors Rule 54(b) certification. Because the Court's recent Opinion and Order resolved all claims that did not involve a bankruptcy stay—those being Counts III and IV asserted solely against Egizii--there is no just reason to delay Rule 54(b) certification. All of the requirements under Rule 54(b) are satisfied. Although the Court's Opinion at least functionally provided finality at the district court level, certification of the Opinion under Rule 54(b) is necessary to formally provide finality and vest the Seventh Circuit with jurisdiction.

The Plaintiffs state that undue hardship would result if the Court were to deny the motion for certification. They would be functionally barred from appealing. Therefore, the Plaintiffs ask the Court to certify the Opinion as a final order under Rule 54(b).

The Defendants claim the Plaintiffs' motion is a covert attempt to extend the appeal deadline, which expired 30 days after the entry of the March 16 Judgment, on April 15, 2021. The Plaintiffs filed the notice of appeal on April 15 and dismissed their appeal on May 5, 2021, after the Seventh Circuit issued the Rule to Show Cause. The Plaintiffs were not precluded from continuing to prosecute their appeal as to the Law Firm Defendants. Because they dismissed the appeal, the Plaintiffs are time-barred from pursuing another appeal against the Law Firms. The Defendants claim that because the deadlines for perfecting an appeal are jurisdictional and Plaintiffs are time-barred from seeking any extension of the appellate deadline against the Law Firms under Federal Rule of Appellate Procedure 4, the Plaintiffs are precluded from pursuing a further appeal against the Law Firms.

In *Hall v. Hall*, 138 S. Ct. 1118 (2018), the United States Supreme Court observed that "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party. That is, after all, the point at which, by definition, a 'district court disassociates itself from a case.'" *Id.* at 1131. A consequence of consolidation is that "when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals." *Id.*

Based on the reasoning of *Hall*, the March 16 Judgment dismissing the Law Firm Defendants with prejudice was instantly appealable because the Court had rendered a final judgment in Case Number 15-3195 in favor of the Law Firms. The fact that claims remained pending in what originally was Case Number 15-3199 due to Defendant Robert Egizii's bankruptcy case did not

affect the finality of the Court's dismissal of the Law Firms with prejudice. *Hall* makes that clear. Because only the Law Firms were originally named as defendants in Case Number 15-3195, Robert Egizii's bankruptcy has no effect on the finality of the Court's March 16 Judgment as to those entities. It does not appear there is a basis under Federal Rule of Appellate Procedure 4 to grant Rule 54(b) certification.

The Plaintiffs also provide no basis under Federal Rule of Appellate Procedure 4(a)(5)(A) for extending the time to file a notice of appeal.

For the reasons stated herein, the Court cannot grant Rule 54(b) certification. The March 16 Judgment dismissing the Law Firms with prejudice was instantly appealable under *Hall*.

Ergo, the Plaintiffs' Motion for Certification pursuant to Federal Rule of Civil Procedure 54(b) [d/e 254] is DENIED.

ENTER: June 2, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge