IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CSMC 2007-C4 EGIZII PORTFOLIO LLC, )
 )
and )
 )
U.S. BANK NATIONAL ASSOCIATION, )
as Trustee for the Registered Holders of )
the MEZZ CAP COMMERCIAL )
MORTGAGE TRUST 2007 C-5, )
COMMERCIAL MORTGAGE PASS- )
THROUGH CERTIFICATES, SERIES )
2007-C5, )
 )
   Plaintiffs, )
 )
 v. )  Case No. 15-3195
 )   (consolidated)
LONDRIGAN, POTTER & RANDLE; P.C.; )
PERKINS COIE LLP; SCOTT & SCOTT, P.C. )
SGRO HANRAHAN DURR & RABIN LLP; )
SPRINGFIELD PRAIRIE PROPERTIES, )
LLC, an Illinois limited liability company; )
ROBERT W. EGIZII; THOMAS  EGIZII; )
MICHAEL EGIZII; RODNEY EGIZII; )
JODI BAPTIST; JOHN PRUITT; PAMELA )
JOHNSON, EXECUTOR OF THE ESTATE )
OF CLYDE BEIMFOHR; EEI HOLDING )
CORPORATION; and EGIZII PROPERTY )
MANAGERS, LLC, )
 )
   Defendants. )

## OPINION

RICHARD MILLS, United States District Judge:

## I.

In an Opinion and Order entered on June 2, 2021, the Court denied the Plaintiffs' motion for certification of Judgment for appeal pursuant to Federal Rule of Civil Procedure 54(b).

The Plaintiffs sought certification of the final Opinion and Judgment which did not dispose of all claims because of a bankruptcy stay as to Defendant Robert W. Egizii. The Plaintiffs claimed that because the Opinion set forth final judgment as to all counts except for Counts III and IV, no just reason existed to delay enforcement of the Court's final Opinion. The Plaintiffs asked the Court to certify the Judgment for appeal as to all Defendants except for Robert W. Egizii. In its Order denying certification, the Court

found that pursuant to *Hall v. Hall*, 138 S. Ct. 1118 (2018), the March 17, 2021 Judgment dismissing the Law Firm Defendants with prejudice was instantly appealable because the Court had rendered a final judgment in Case Number 15-3195 in favor of the Law Firms.

The Plaintiffs seek reconsideration of the denial of certification for appeal.

The Plaintiffs filed two cases in 2015: one against the Law Firm Defendants (Case No. 15-3195) and one against the Borrower, Guarantor and other individuals and entities (Case No. 15-3199). The cases were eventually consolidated.

In 2016, the Court granted the Law Firm Defendants' motion to dismiss and denied the motion to dismiss of the

other Defendants. The Court also denied the Plaintiffs' motion to certify the Order for immediate appeal. In 2019, the Court denied the Plaintiffs' motion for entry of an Order dismissing the Law Firm Defendants with prejudice.

Following the Court's March 16, 2021 Opinion and Order, one Judgment was entered which resolved all of the claims except for those asserted against Robert W. Egizii. This included the claims originally alleged in Case Number 15-3195 and those in Case Number 15-3199. The March 17, 2021 Judgment stated in part: "Defendants Londrigan Potter & Randle PC, Perkins Coie, Scott & Scott PC and Sgro Hanrahan Durr & Rabin LLP were dismissed with prejudice."

On April 15, 2021, the Plaintiffs filed a timely notice of appeal. After the Seventh Circuit questioned whether it had jurisdiction because Judgment was not entered as to the counts asserted against Egizii, the Plaintiffs voluntarily dismissed their appeal and asked the Court to certify their appeal as to all Defendants except Egizii. The Court denied the motion for certification on the basis that Plaintiffs were already able to pursue an appeal against the Law Firm Defendants following entry of Judgment.

## II.

In *Hall*, the Supreme Court noted that cases do not lose their separate identity after consolidation. *See Hall*, 138 S. Ct. at 1130. The Court explained this was true prior to the

enactment of Federal Rule of Civil Procedure 42(a) addressing consolidation:

> We made clear, for example, that each constituent case must be analyzed individually on appeal to ascertain jurisdiction and to decide its disposition—a compartmentalized analysis that would be gratuitous if the cases had merged into a single case subject to a single appeal. We emphasized that constituent cases should end in separate decrees or judgments—the traditional trigger for the right to appeal, for which there would be no need if an appeal could arise only from the resolution of the of the consolidated cases as a whole. We explained that the parties to one case did not become parties to the other by virtue of consolidation—indicating that the right of each to pursue his individual case on appeal should not be compromised by the litigation conduct of the other. And, finally, we held that consolidation could not prejudice rights to which the parties would have been due had consolidation never occurred. Forcing an aggrieved party to wait for other cases to conclude would substantially impair his ability to appeal from a final decision fully resolving his own case—a "matter of right" to which he was "entitled."

*Id.* at 1128 (internal citations omitted). The Court noted that the enactment of Rule 42(a) did not alter "the settled understanding of consolidation." *Id.* at 1130.

> As a leading treatise explained at the time, through consolidation under Rule 42(a) "one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050-3051 (1938). Thus, "separate verdicts and judgments are normally necessary." *Id.* at 3051, n.12.

*Id.* The Court further stated that its relatively few decisions addressing consolidation since adoption of Rule 42(a) confirms the traditional understanding of cases retaining their separate identity. *See id.*

Consistent with *Hall*, this Court should have directed entry of two separate Judgments—one for the case that

began as No. 15-3195 and the other for the case that began as No. 15-3199. If separate judgments had been entered, it would have been abundantly clear that the case involving the Law Firms was ripe for appeal. As for the other case, any party seeking to appeal could have sought certification under Rule 54(b) or waited for resolution of the bankruptcy proceeding.

The Plaintiffs could have pursued an appeal as to the Law Firm Defendants after the dismissal with prejudice. However, the fact that a single Judgment was entered appears to have created confusion as to which claims were ripe for appeal in light of the bankruptcy proceeding. A party has a right to pursue an appeal. A separate judgment is "normally necessary" in part to ensure that a party is not

deprived of "any substantial rights." *See Hall*, 138 S. Ct. at 1130.

Under the circumstances here, denying relief would effectively deprive a party of a substantial right it possessed--which should not happen as a result of consolidating cases. *See id*. Because separate judgments should have been entered which would have prevented such confusion, the Court will grant the Plaintiffs' requested relief and certify the judgment for appeal.

This action involves multiple claims for relief and multiple parties. The Court's Opinion was intended to resolve all pending claims and provide finality to the parties. However, there could be no judgment on all of the claims because of a bankruptcy stay as to one of the parties.

Pursuant to Rule 54(b), the Court hereby finds there is no just reason to delay the enforcement of the portion of the Opinion and Order granting dismissal.

Ergo, the Plaintiffs' Motion for Reconsideration and for Certification of Judgment for Appeal under Rule 54(b) [d/e 257] is GRANTED.

Because there is no just reason to delay entry of a final judgment as to fewer than all claims or parties, the Court's Final Opinion and Judgment is hereby certified as a final order pursuant to Rule 54(b).

ENTER: July 7, 2021  FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge